HENRY WELD FULLER, administrator, *vs.* ANN B. LINZEE
                        & others.

Suffolk.   Nov. 23, 24, 1882. — Sept. 10, 1883.   DEVENS & HOLMES, JJ.,
                            absent.

A policy of insurance, issued by an insurance company chartered by a State other
    than this Commonwealth, recited that, in consideration of the payment of pre-
    miums by a wife, the life of her husband was insured, and the company agreed
    " with the said assured " to pay the sum insured, at its office in the State from
    which it obtained its charter, to the wife, " or assigns," within ninety days after
    notice and proof of the death of the husband.   The policy further provided
    that, " in case the said assured should die before the decease of " her husband,
    " the amount of this insurance " should be payable to their children.   The
    charter of the corporation issuing the policy authorized a married woman to
    cause the life of her husband to be insured for her sole use, and provided, that,
    " in case of her surviving her husband," the amount of the insurance should be
    payable to her, and that, " in case of the death of the wife before the decease
    of her husband," the amount of the insurance might be made payable to her
    children.   At the time the policy was issued, the general laws of the State con-
    tained similar provisions.   The policy was in fact procured by the husband,
    and all the premiums were paid by him.   The husband and wife and their
    children were lost at sea, and there was no direct evidence as to which survived
    the other.   The next of kin of the husband took out letters of administration,
    in this Commonwealth, on the estates of the husband and wife, and obtained the
    amount of the insurance from the insurance company, receipting for it as
    administrator of each estate, " for whom it may concern."   The Probate Court
    declined to order him to account for the insurance in the settlement of the

wife's estate. *Held*, on an appeal to this court by the next of kin of the wife, that the interest of the wife in the policy was contingent on her surviving her husband; that the burden of proof was on her next of kin to show that she survived; and that the decree of the Probate Court must be affirmed.

W. ALLEN, J. The appellants, Ann B. Linzee and others, are the surviving next of kin of Mrs. Ann J. Fuller. The appellee is the administrator of her estate, and also the administrator of the estate, and the surviving next of kin, of Mr. N. Goddard Fuller, her husband. The judge of probate allowed the account of administration upon the estate of Mrs. Fuller, without charging the administrator with moneys paid to him upon a policy of insurance on the life of Mr. Fuller, and the question is whether the money belongs to her estate.

The policy was issued in the year 1868, in New Jersey, by the Mutual Benefit Life Insurance Company, a company incorporated under the laws of that State, and the payment was to be made in that State. It was procured, and the premiums were all paid, by Mr. Fuller, and the material provisions of it were, that, in consideration of the payment of premiums by Mrs. Fuller, it insures the life of Mr. Fuller in the amount of $10,000 for the term of life; "and the said company do hereby promise and agree to and with the said assured well and truly to pay, or cause to be paid, the said sum insured, at their office in the city of Newark, to the said Ann J. Fuller, or assigns, within ninety days after due notice and proof of death of the said N. Goddard Fuller. And in case the said assured should die before the decease of the said N. Goddard Fuller, then the amount of this insurance shall be payable to their children (or their guardians if under age) within ninety days after due notice and proof of interest and of the death of said N. Goddard Fuller." The instrument was not under seal.

Mr. and Mrs. Fuller were married in the year 1864; and in February, 1876, they, with their five children, sailed from Calcutta for New York. The ship in which they sailed was afterwards once seen at sea in a situation which rendered it probable that it soon after encountered a severe cyclone, and it has not since been heard of, and the loss of all on board, including Mr. Fuller and his family, is not doubted. The insurance on the life of Mr. Fuller was paid by the insurance company to the

appellee, and he gave a receipt for it as administrator upon the estates of both Mr. and Mrs. Fuller, as received "for whom it may concern."

Mr. Fuller was thirty-eight years of age, and in good health, accustomed to the sea and to boating, and familiar with all parts of a ship, and was a good swimmer. Mrs. Fuller was thirty-two years of age, and in feeble health. The children were all under twelve years of age. The appellee contends that there is a presumption from these facts, or that they are sufficient to warrant the drawing of the inference, that Mr. Fuller survived his wife; but we have not found it necessary to consider this question.

Although this is not an action against the insurance company to obtain payment of the insurance money, but a proceeding to determine the rights and beneficial interests in the money, yet these must depend upon the construction of the contract of insurance. The contract was that of the insurance company, but it was procured by Mr. Fuller for purposes of his own, and in some sense the language of it was his, and the circumstances under which it was procured by him, as well as those under which it was made by the company, are proper to be considered in aid of its interpretation.

Mr. Fuller procured the contract in order to make a provision for his wife and children after his death. This provision he made, not by settling property upon them with limitations and successions, but by providing for payments of money to be made to them after his death. So far as the contract is to be regarded as his language, it is to be construed in view of these considerations. He was providing for the disposition of a fund which was not to exist until after his death, and he made the provision by designating the persons to whom it was to be paid, and his obvious intention was, that it should be paid to his wife if she should survive to take it, and to their children if she should not survive. That it was intended to be payable to the wife upon the contingency that she should survive him appears from the considerations, that it was a provision for her support, which was not to come into existence until his decease; that it was not made payable to her personal representatives, although no right of action could arise until his decease; and that it was to be paid to her children if she died before her husband. If the children

had survived both parents, it would have been a question whether, in a proceeding by them to establish their right to the fund under the provisions of the policy, the language would be so construed that the burden would be upon them to prove that their mother died before their father, or whether the contract would be construed as making the money payable to the wife in case she survived her husband, and if she did not survive him, to the children. *Moehring* v. *Mitchell*, 1 Barb. Ch. 264; affirmed, 3 Denio, 610. *Eadie* v. *Slimmon*, 26 N. Y. 9. *Barry* v. *Equitable Assurance Society*, 59 N. Y. 587. *Selwyn's goods*, 3 Hagg. Ecc. 748. *Wing* v. *Angrave*, 8 H. L. Cas. 183. But this is a proceeding to establish a right in the wife which would devolve upon her next of kin, and the burden of proof is upon the party who undertakes to establish it. We think, upon the view of the contract already taken, that the wife had no interest transmissible to her next of kin unless she survived her husband, and that they cannot maintain their claim without proof that she survived him. The suggestion that, if to sustain the claim of the representatives of the wife it must be shown that she survived her husband, and if to sustain the claim of the children it must be shown that she died before him, and that therefore, if it cannot be shown whether she survived him or died before him, neither the representatives of the wife, nor the children, could establish a right to the money, is no answer to this view, but is rather an argument in favor of that interpretation of the contract by which it would read that the money was to be paid to the wife in case she survived her husband, and in case she did not survive him, to the children. See *Wing* v. *Angrave, ubi supra.*

Looking at the contract as made by the insurance company, it was made by a New Jersey corporation, and made and to be performed in that State, and the authority by which it was made with a married woman for her benefit and that of her children was derived from the laws of that State. Without regard to the question whether the contract and the rights arising under it are governed by the laws of that State, it is enough for the present case to notice that the contract was obviously made, and is to be construed, with reference to certain provisions of the statutes of New Jersey. The act of incorporation of the company, passed January 31, 1845, in §§ 4, 5, (and at the time the policy was issued

there were like provisions in the general laws of the State, St. of February 19, 1851,) authorized a married woman to cause the life of her husband to be insured for her sole use, and provided that "in case of her surviving her husband," the amount of the insurance "should be payable to her, to and for her own use, free from the claims of the representatives of her husband, or of any of his creditors;" and that, "in case of the death of the wife, before the decease of the husband, the amount of the insurance may be made payable, after death, to her children, for their use, and to their guardian, if under age." The policy in question was evidently framed upon this provision of the act of incorporation. It names Mrs. Fuller as the assured only by inference from the statement that she paid the consideration; the promise is to the "said assured," and to pay to her or assigns, omitting the words executors and administrators, obviously intending to follow the statute in providing for payment to the wife only in case she survived her husband; and it follows the language of the act in making the insurance payable to the children in case the assured should die before her husband. The true construction of the policy is, we think, like that of the statute, that the interest of the wife under it is contingent upon her surviving her husband, and neither her assigns nor her personal representatives can show any right to the insurance money except upon proof of such survivorship. It is unnecessary to say that there is no proof that the wife survived. *De Ronge* v. *Elliott*, 8 C. E. Green, 486. *Knickerbocker Ins. Co.* v. *Weitz*, 99 Mass. 157. *Moehring* v. *Mitchell, ubi supra.*

We have not thought it necessary to consider in whom the legal right of action against the company was vested. The only question before us is whether the money belongs to the estate of Mrs. Fuller. It is suggested that the money, or a proportional part of it, was paid to the appellee as administrator of the estate of Mrs. Fuller, and that he should be held to account for such part unless some other right to it is shown, and that no such right appears. The money was paid to him as the administrator of the estate of Mr. Fuller, as well as of the estate of Mrs. Fuller, and for whoever might have the right to it. The argument that no one save Mrs. Fuller is entitled to it under the provisions of the policy, is founded upon the assumption that no

child survived both parents; for the money would belong to the children who survived both parents, if not to those who survived the mother only.   Assuming, however, that it can be determined in this proceeding that no survivorship of any one of the family after any other one can be proved, and that it appears that no claim under the policy can be sustained upon the right of the wife or of any child, then we think that whatever beneficial interest remained in the policy would be that resulting to the estate of the husband, who had procured the policy and paid the premiums, and had an interest in the life insured; and that the money paid by the insurance company, not having been paid or applied by the company for the benefit of any particular person or interest, but for whoever might be entitled to it, belonged to the estate of the husband, if neither the wife nor children had a right to it under the policy.          *Decree of Probate Court affirmed.*

*C. A. Welch,* for the appellants.

*H. W. Fuller & J. Lathrop,* for the appellee.