HENRY W. HASKINS, administrator, *vs.* PHŒBE B. KENDALL.

Hampshire.    September 20, 1892. — March 2, 1893.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Benefit Certificates — Statute — Resulting Trust.*

A husband took out two benefit certificates in a mutual aid society, incorporated
under the Pub. Sts. c. 115, and subject to the St. of 1885, c. 183, each certificate
being payable to his wife, who died before him, leaving no issue. *Held*, that as
there was no statute giving the wife a vested interest in the certificate, or no
provision therein giving a right to her representatives, the contract was to be
construed as payable to the wife only in case of her surviving her husband,
and, that contingency having failed, there was a resulting trust in favor of his
estate.

APPEAL from a decree of the Probate Court ordering Henry
W. Haskins as administrator of the estate of Louisa G. Haskins
to account for the proceeds of two benefit certificates issued
by the Massachusetts Mutual Aid Society. Hearing before
*Barker*, J., who reserved the case for the consideration of the
full court, in substance as follows.

The Massachusetts Mutual Aid Society was incorporated on
February 17, 1879, under the Pub. Sts. c. 115. After the pas-
sage of the St. of 1885, c. 183, it changed the form of its benefit
certificates so as to conform to the provisions of that statute,
and acted thereunder.

Jonathan H. Haskins, was the husband of Louisa G. Haskins.
They had two children, both of whom died before 1887, un-
married.

Before the passage of the St. of 1885, c. 183, Jonathan H.
Haskins became a member of the above named society, and took
out two benefit certificates, each payable to Louisa G., his wife.
On January 1, 1886, in order to bring the certificates under the
provisions of the St. of 1885, c. 183, they were surrendered to
the company, and in place of them two other certificates were
issued, one for $3,000 and the other for $1,000, both payable, as
before, to Louisa G. Haskins.

On June 11, 1888, the last mentioned benefit certificate for
$1,000 was surrendered to the company, and another issued in
its place, bearing the same date as the former, payable to one

Hills of Amherst, upon a written request for a change of beneficiary, in the form required and used by the company, signed by both Jonathan H. and Louisa G. Haskins, the latter further releasing all interest and claim.

Hills was a creditor of Jonathan H., and the certificate was issued to him as security only. The applications for all the certificates and the payments of all assessments were made by Jonathan H., who continued a member of the society in good standing until the time of his death.

Louisa G. Haskins died on July 17, 1889, intestate, and Jonathan H. Haskins was appointed administrator of her estate on June 10, 1890, and as such administrator filed bond and affidavit of notice, and collected an insurance of $250 on her life, and paid her funeral expenses and debts, although he filed no inventory or account as such administrator. Jonathan H. Haskins remained unmarried, and died on January 4, 1891, intestate, and on January 13, 1891, Henry W. Haskins was appointed administrator of his estate, and on February 3, 1891, the same Henry W. Haskins was appointed administrator of the estate of Louisa G. Haskins (not administrator *de bonis non*), giving bonds in the estate of Jonathan H. in the sum of $500, and in the estate of Louisa G. in the sum of $3,500, and on December 11, 1891, giving an additional bond in the estate of Jonathan H. in the sum of $8,000. This appointment remained unrevoked, and also his appointment as administrator of the estate of Jonathan H.

After his appointment as administrator of the estate of Jonathan H., Henry W. Haskins applied to the officers of the society for the payment of the two benefit certificates. The company required him to furnish it with the receipt of an administrator of the estate of Louisa G. Haskins and the receipt of Henry F. Hills, as well as with the receipt of the administrator of the estate of Jonathan H. He therefore procured his own appointment as administrator of the estate of Louisa G., and procured a receipt of Hills, and made a receipt as administrator of the estate of Jonathan H., and another as administrator of the estate of Louisa G., and upon giving to the society these three receipts, about June 1, 1891, he received from the society the sum of four thousand dollars in payment of both certificates; and of this sum he paid Hills $454.28, and retained the balance.

In the estate of Jonathan H. Haskins, Henry W., as administrator, filed an inventory on June 9, 1891, in which he stated as assets of that estate the two certificates, and they were appraised at the sum of four thousand dollars. In the estate of Louisa G. Haskins, Henry W., as administrator, filed an inventory on January 12, 1892, in which he mentioned the same certificates as insurance policies taken out for the benefit of the deceased by her husband, and stated that they were returned in the inventory of her husband, and the same were not appraised or carried out at any value in the inventory of the estate of Louisa G. Henry W. Haskins, on April 16, 1892, filed an account as administrator of the estate of Jonathan H. Haskins, in which he charged himself with the personal estate of said Jonathan H., according to the inventory, and charged himself in that estate with the full sum of four thousand dollars received by him from the two certificates. The hearing on the account was continued by the Probate Court to await the decision in this case. In the estate of Louisa G. Haskins he, on May 3, 1892, filed the account from the disallowance of which his appeal is taken, claiming that he had received no assets, and the decree disallowed that account, and ordered the accountant to charge himself with the proceeds of the two certificates.

The next of kin of Louisa G. Haskins living at her death were not of kin to Jonathan H. Haskins, and were never members of his family, nor dependent upon him for support.

*C. L. Gardner*, for the appellee.

*J. I. Cooper*, for the appellant.

LATHROP, J. It is not contended by the appellee that the certificates originally issued to Jonathan H. Haskins by the Massachusetts Mutual Aid Society for the benefit of his wife were not legally surrendered. It is contended in her behalf that the certificates issued in place of the original certificates, being issued after the passage of the St. of 1885, c. 183, vested such an interest in them in his wife, that, notwithstanding her death before that of her husband, the proceeds of the certificates upon their collection belong to her estate.

The applications for the certificates were made by Jonathan H. Haskins, and all assessments were paid by him. Even if this had been a case of life insurance, in the absence of any

statute giving the wife a vested interest in the policy, or of some provision in the policy giving a right to her representatives, the contract would be construed as payable to the wife only in case of her surviving her husband, and on the failure of the contingency there would be a resulting trust in his favor. *Fuller* v. *Linzee*, 135 Mass. 468. *Bancroft* v. *Russell*, 157 Mass. 47.

While the rights of a wife and children are protected in the case of a policy of life insurance for their benefit, it has not yet been held by this court that, if they die before the person effecting the insurance, there would not be a resulting trust in his favor, in the absence of language in the policy giving rights to the legal representatives of the wife and children.

While the St. of 1885, c. 183, § 1, provides that, "if the benefit is to accrue through the death of the insured person, the contract shall be of life insurance," and by § 13 certain powers are given to the insurance commissioner which are conferred upon him by the Pub. Sts. c. 119, the same section provides that "nothing herein contained shall subject any corporation doing business under this act to any other provisions or requirements of said chapter, . . . except as distinctly set forth herein."

The contract in the case at bar does not, therefore, come within the provisions of the Pub. Sts. c. 119, § 167, but within the general rule above stated. While under a by-law of the society Jonathan H. Haskins could not transfer the certificates without his wife's written consent,* we are of opinion that this did not vest such an interest in her that her next of kin would be entitled to the proceeds of the certificates if she died before him.

It follows that the decree of the Probate Court must be reversed, and the case remanded to that court for further proceedings.

*So ordered.*

---

\* This by-law was as follows: " Where the beneficiary is the wife of a member no transfer can be made except with her written consent, but in all other cases a member can change the beneficiary by return of certificate with request of such change in writing."