AGNES C. FISH, executrix, *vs.* MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY.

Suffolk.    January 18, 1904. — September 7, 1904.

Present: LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Insurance, Life.    Contract,* Construction.

A policy of life insurance payable to the wife and daughter of the insured, "or if
they are not living to the executors, administrators or assigns" of the insured,
is payable to the representative of the estate of the insured only on the contin-
gency that both the wife and daughter are dead, and there is no implication
that if one of the two is not living one half of the insurance money is payable
to the executor or administrator of the insured, the wife and daughter of the in-
sured both having vested interests in the policy before the death of the insured,
whether their interests are joint with the incident of survivorship or in common,
which in this case it was not necessary to decide.

CONTRACT by Agnes Cheney Fish, executrix under the will of
Person C. Cheney, late of Manchester in the State of New Hamp-
shire, for a balance alleged to be due under a policy insuring the
life of Person C. Cheney in the sum of $3,000, made payable as
stated in the first paragraph of the opinion, on which the defend-
ant already had paid one half of the sum named in the policy.
Writ dated June 18, 1903.

In the Superior Court the case was heard by *Gaskill,* J. on an
agreed statement of facts.   He found for the plaintiff in the sum
of $1,695, and gave judgment for that amount.   The defendant
appealed.

*W. W. McClench,* for the defendant.

*R. F. Herrick & A. B. White,* for the plaintiff.

BARKER, J.   Person C. Cheney in the year 1883 took out a
policy of insurance upon his own life in the defendant company
payable to "Sarah W. and Agnes A. Cheney wife and child of
the said Person C. Cheney or if they are not living to the exec-
utors, administrators, or assigns of the said Person C. Cheney."
Sarah W. the wife died on April 4, 1901, testate, and the plain-
tiff Agnes A. is executrix of her will and sole legatee under the
same.   The insured died on June 19, 1901, indebted to the de-
fendant upon certain promissory notes unconnected with the con-

tract of insurance.  The defendant has paid the daughter one half the amount insured by the policy and has applied the other half to the reduction of the debt due to the company from the insured, upon the theory that the wife's half of the insurance, by her decease became, by the terms of the policy, payable at the death of the insured to his personal representatives, and so could be set off by the insurer against the debt due to it from the insured.

The case was heard below upon an agreed statement of facts and comes here after a judgment for the plaintiff and an appeal, and it is agreed that the plaintiff is entitled to recover unless the defendant has the right to set off its demand against the estate of the insured.

If by the true construction of the policy any part of the insurance was in fact payable to the executors or administrators of the insured in consequence of the death of his wife before his decease the defendant is entitled to the set-off.

In some jurisdictions a policy to the wife and child or children of the insured or to his children is held to give to the beneficiaries a joint interest with right of survivorship.  *In re Seyton,* 34 Ch. D. 511.  *Robinson* v. *Duvall,* 79 Ky. 83.  *Farr* v. *Ancient Order of United Workmen,* 83 Wis. 446.  The general intention of the insured to provide for his family by means of the insurance makes in favor of such a construction.  But there also are decisions that under such a policy the right of each beneficiary is not joint, but an interest in common which becomes vested and transmissible upon the issuance of the policy.  *Small* v. *Jose,* 86 Maine, 120.  *Smith* v. *Ætna Ins. Co.* 68 N. H. 405. *Simmons* v. *Biggs,* 99 N. C. 236.  *Andrus* v. *Fidelity Ins. Association,* 168 Mo. 151.

It is not necessary in the present case to decide whether the beneficiaries in such a policy take a joint interest with the incident of survivorship.  The wife and child took vested interests whether several or joint.  *Small* v. *Jose,* 86 Maine, 120.  *Smith* v. *Ætna Ins. Co.* 68 N. H. 405.  *United States Casualty Co.* v. *Kacer,* 169 Mo. 301, 315.  *Walsh* v. *Mutual Ins. Co.* 133 N. Y. 408.  If there had been no second designation of a beneficiary, the interest of the wife under R. L. c. 118, § 73, and the corresponding provisions of earlier statutes, would be in the daughter

either by force of the will of Sarah W. Cheney or by operation of the statute. The crucial question is whether the interest which vested in Sarah W. upon the issuing of the policy was by its terms divested by her death. It is the whole amount of insurance which by the terms of the policy is to be payable to the executors, administrators or assigns of the insured, in a certain contingency, and not one half of it in each of two contingencies. The contingency is that " they " Sarah W. and Agnes A. are not living. That contingency has not occurred.

In neither the application nor the policy is it said in terms that if one of the two beneficiaries named in the first designation is not living one half of the insurance is to be payable to the executors or administrators of the insured. Such a term can be read into the contract only by some implication, and any such implication would be contrary to the intention of a husband and father, who was attempting by means of an insurance upon his own life to provide for his family in case of his death. In our opinion the second designation was intended to be operative only in case both the wife and the child were not living at the death of the insured.

The defendant relies on the case of *Andrus* v. *Fidelity Ins. Association*, 168 Mo. 151, 167. In that case the principal contention on the part of the defendant was that the insurance had been forfeited by breaches of the conditions of the policy, and the question as to which of the beneficiaries should take was not of the greatest importance. The decision contains no discussion of that question, saying upon the point merely that the beneficial interests of the mother and the son were several and that as they were several the interest of the mother passed at her death to the legal representative of the assured. It does not appear whether this was by force of some statute of distribution governing the estate of a deceased married woman, or under the terms of the policy. If the latter, we do not agree with the decision.

*Judgment for the plaintiff affirmed.*