ANNIE E. WILLIAMS vs. OLD COLONY STREET RAILWAY
COMPANY.

Bristol. October 23, 1906. — December 31, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Statute,* Construction. *Brockton Street Railway Company. Old Colony Street
Railway Company. Words,* "Wherein."

In the construction of statutes it is a general rule that a limiting or qualifying
word must be confined to the last antecedent unless the subject matter requires
a different construction.

In the provision of § 3 of St. 1901, c. 214, extending the corporate powers of the
Brockton Street Railway Company, to which the Old Colony Street Railway
Company has succeeded, that "Said company may, for all purposes necessary
or incident to the construction, maintenance and operation of an electric street
railway, generate, manufacture, use and transmit electricity in any city or town
wherein it is now or may hereafter be entitled to operate a street railway, and
for that purpose may erect and maintain poles, trolley, feed and stay wires and
other devices for conducting electricity in, over and under any streets, high-
ways, bridges and town ways in any of said cities and towns wherein it has been
or may hereafter be authorized by the board of aldermen or selectmen to operate
its railway," the word "wherein," as last used, refers to "cities and towns" and
not to "streets, highways, bridges and town ways," and the corporation has
power to maintain poles and wires for the transmission of electricity for its cor-
porate purposes in streets through which it is not authorized to operate its
railway.

BILL IN EQUITY, inserted in a common law writ dated May
10, 1905, to restrain the defendant from entering the plaintiff's
premises on Bryant Street in Taunton and from cutting trees
and otherwise injuring the property of the plaintiff, and to
compel the defendant to remove from the plaintiff's property
all poles and wires there erected and maintained by it.

In the Superior Court the case was heard by *Holmes,* J., who
by agreement of the parties reserved and reported it for deter-
mination by this court.

The report was as follows:

The plaintiff is seised in fee simple of a piece of land described
in her deed as "a certain lot of land with the buildings thereon
situate in said Taunton on the southwesterly side of High
Street," describing a lot on the corner of Bryant Street and
High Street in that city.

The defendant legally operates an electric street railway in several public streets in Taunton, but has not and never has had a street railway track in Bryant Street, and no location for a track in Bryant Street has ever been granted to the defendant or to any other person or corporation. There are no poles or wires in that street except those maintained by the defendant as hereinafter set forth.

In the summer of the year of 1904 the defendant built a new power house or sub-station on High Street in Taunton, near the plaintiff's estate. In October of the same year, upon the petition of the defendant, the board of aldermen of the city of Taunton without notice to the plaintiff and without public hearing granted to the defendant permission to erect poles in Bryant Street, including those complained of in this suit, and to attach wires and other fixtures thereto. Since the granting of that petition the defendant has erected several poles in Bryant Street, two of which stand in the portion of that street adjacent to the plaintiff's premises, and has attached cross arms and wires thereto. These wires, which are known as " feed wires," measure about one and one quarter inches in diameter and are seven in number. The poles, cross arms and wires are used by the defendant for the transmission of electricity for purposes necessary or incident to the operation of its street railway, being its main and only line of feed wires for the transmission of electricity from its sub-station on High Street to its railway to Providence, Fall River, Brockton and other points, and being the shortest and best route through public ways for such transmission between that sub-station and the railway. They extend from the sub-station of the defendant on High Street through Bryant Street and Sumner Street to the defendant's track on Weir Street. The defendant has succeeded to all the rights and privileges of the Brockton Street Railway Company. Maps were annexed to the report showing the plaintiff's premises, the locations of the poles in the portion of Bryant Street adjacent to the plaintiff's premises, the location of the defendant's power house or sub-station and those of such of its tracks and lines as were material to the case.

If the plaintiff was entitled to relief in equity on the facts above stated a decree for the plaintiff requiring the removal of

the poles, cross arms and wires upon the portion of the street adjacent to her premises was to be entered; otherwise, a decree dismissing the bill was to be made.

*A. Fuller*, for the plaintiff.

*E. W. Burdett*, (*J. H. Knight* with him,) for the defendant.

KNOWLTON, C. J. This is a bill in equity brought to restrain the defendant from maintaining poles and wires in one of the streets of the city of Taunton, and to compel the removal of the poles and wires which have been erected there by the defendant. The principal question in the case relates to the construction of the St. 1901, c. 214, § 3. This statute is entitled " An Act to extend the corporate powers of the Brockton Street Railway Company." By c. 434 of the acts of the same year, the name of this corporation is changed to Old Colony Street Railway Company, so that the defendant is the corporation mentioned in the earlier statute. The language in question is as follows: " Said company may, for all purposes necessary or incident to the construction, maintenance and operation of an electric street railway, generate, manufacture, use and transmit electricity in any city or town wherein it is now or may hereafter be entitled to operate a street railway, and for that purpose may erect and maintain poles, trolley, feed and stay wires and other devices for conducting electricity in, over and under any streets, highways, bridges and town ways in any of said cities and towns wherein it has been or may hereafter be authorized by the board of aldermen or selectmen to operate its railway, and upon and over any private land, with the consent of the owners thereof," etc. The street to which the suit refers is not one in which the defendant is authorized by the board of aldermen to operate its railway, although authority was given by the board to erect and maintain the wires for the transmission of electricity through it.

The plaintiff contends that the word " wherein " in the clause " wherein it has been or may hereafter be authorized by the board of aldermen or selectmen to operate its railway," relates. to " streets, highways, bridges and town ways "; while the defendant contends that it relates to the words " in any of said cities and towns." It is a general rule that a limiting or qualifying word or clause must be confined to the last antecedent,

unless the subject matter requires a different construction. *Cushing* v. *Worrick*, 9 Gray, 582. *Commonwealth* v. *Kelley*, 177 Mass. 221. *Fowler* v. *Tuttle*, 24 N. H. 9. *Gaither* v. *Green*, 40 La. Ann. 362. In the clause giving the general authority in the first part of the section, the word "wherein" plainly relates to the words, "any city or town," and includes all parts of such cities and towns. The statement of the more specific authority is introduced by the words, "and for that purpose may erect," etc. These words do not indicate a limitation of the general authority, but a more particular definition of it. . The word "wherein" is not the word which naturally would be chosen to relate to bridges over or upon which a railway was operated, while it is strictly accurate as referring to a city or town in which the operation of a railway is authorized. The words, "in any of said cities and towns" are not the best that could be chosen, for no cities or towns had been mentioned to which the word "said" properly could be applied. But we think it obvious that the expression is intended to include cities and towns such as previously had been referred to in the same sentence, and that its meaning is the same as if the words were "in any city or town." If the plaintiff's construction were adopted, the greater part of this section would be meaningless, for under previous statutes the corporation was authorized to erect and maintain poles, trolley, feed and stay wires and other devices for conducting electricity in, over and under any streets, highways, bridges and town ways through or over which it was authorized by the board of aldermen or selectmen to operate its railway. See definitions of the words "street railway" and "location," R. L. c. 111, § 1; St. 1906, c. 463, Part III. § 1. This provision would not have been enacted if it were not designed to add something to existing rights.

The principal argument against the defendant's construction is that the Legislature could not have intended to give the corporation so much power. In answer to this it is shown that, in the same year, by the Sts. 1901, cc. 280, 305, 316, 317, 318 and 348, authority of this kind was given to six other corporations in the same language as in the statute before us, except that the words "in any city or town wherein" are used instead of the words "any of said cities or towns wherein." In these statutes

the meaning seems too plain for serious question. Again, the same authority is given to another corporation by the St. 1903, c. 284, in similar language, in such form that there is no ambiguity or doubt in regard to the meaning in this particular. The fact, that by the St. 1901, cc. 347, 350, the same authority is limited by unmistakable language to streets, highways, bridges and town ways on which the corporation mentioned has authority to operate its railway, makes more plain the distinction between the two classes of statutes, and shows that the defendant's construction of c. 214 is correct.

It is unnecessary to consider whether the plaintiff has such an interest in the land under the street as would give her a standing in this suit if her construction of the statute were adopted.

*Bill dismissed.*