GEORGE A. HERSAM, executor, *vs.* ÆTNA LIFE INSURANCE COMPANY, ELLENA T. PALMETER, claimant.

Suffolk.    November 16, 1916. — January 3, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Life.  *Words,* "Their children."

Where, at the time of the issuing of an insurance policy upon the life of a woman, which was payable "to her husband [naming him], or in the event of his death before hers to their children, their executors, administrators or assigns" and was a paid up policy issued upon the surrender of another policy, which had been issued twelve years before and was a contract between the company and the woman, who had paid the premiums, the husband already had died and no children of the insured and her husband survived the insured, a daughter of the husband by a former marriage is not entitled to the proceeds of the policy, the words "their children" in the policy referring to children of the marriage of the insured and her husband therein named.

Under the circumstances above described, the administratrix of the estate of the husband of the insured is not entitled to the proceeds of the policy, because at the time of his death no interest in the policy had vested in him as a beneficiary.

If it appears that the insured left a will, the proceeds of the policy, under the circumstances above described, must be paid to the executor of her will.

CONTRACT upon a policy of life insurance insuring the life of one Martha A. Thompson, the plaintiff's testatrix. Upon the defendant's answer, Ellena T. Palmeter, who was a daughter of the husband of the testatrix, Eben S. Thompson, who had died before the policy was issued, and also was administratrix with the will annexed of his goods and estate not already administered and residuary legatee under his will, became a claimant for the amount of the policy. Writ in the Municipal Court of the City of Boston dated December 2, 1915.

In the Municipal Court the action was tried upon an agreed statement of facts, described in the opinion. The judge ruled as follows:

"1. Eben S. Thompson, having died before Martha A. Thompson, his estate has no interest in the policy.

".2. Eben S. Thompson, having died before Martha A. Thompson, any children he may have had by a wife, other than said Martha A. Thompson, are not entitled to any proceeds of the policy.

"3. Inasmuch as Eben S. Thompson died before Martha A. Thompson and they had no children, the policy is payable to the executor under the will of Martha A. Thompson, the plaintiff."

The judge found for the plaintiff in the sum of $612, and at the request of the defendant reported the case to the Appellate Division, who vacated the decis'on and adjudged the fund to be the property of the claimant. The plaintiff appealed.

*J. E. Young,* for the plaintiff.

*H. S. Riley,* for the claimant.

DE COURCY, J. The insurance policy was issued on the life of Martha A. Thompson, the plaintiff's testatrix, and was payable "to her husband, Eben S. Thompson, or in the event of his death before hers to their children, their executors, administrators or assigns." It was a paid up policy for $612, executed and delivered on or about June 28, 1877, and apparently was given in consideration of the surrender of a life policy for $1,000, dated June 11, 1865. Eben S. died February 3, 1877, or more than four months before the policy in question was issued. No children were born to him and Martha A., but he had a daughter by a previous wife, namely, Ellena T. Palmeter, who is the claimant in this action.

The agreed statement of facts is meagre. It is not questioned that this policy was issued rightly by the company, after the death of Eben S. Thompson. In the absence of the original application and policy we infer that the contract was between the company and Mrs. Thompson, and that she paid the premiums. St. 1913, c. 716, § 5. See *Millard* v. *Brayton,* 177 Mass. 533. The record sets out only the above quoted clause in the policy. The sole question raised by the report and argued by counsel is one of interpretation of this clause, thereby determining which of the parties is entitled to the insurance money.

The first contention of the claimant is that she is entitled to the proceeds of the policy as the only child of said Eben S. Thompson. But we see no reason for interpreting the word "their" in

other than its ordinary collective meaning, referring to children of both Martha and Eben, and not to children of Eben by another wife. *Crandall* v. *Ahern*, 200 Mass. 77. *Crapo* v. *Pierce*, 187 Mass. 141. The language, viewed in the light of the circumstances under which it was used, manifests no different purpose. Considering the present policy by itself, the language was appropriate to provide for a possible posthumous child of Eben. The reasonable inference from the agreed facts, however, — and indeed the actual fact as stated in the defendant's answer, — is that the language simply followed the wording of the earlier policy, which was dated June 11, 1865, when the two well might have anticipated the likelihood of having children. 25 Cyc. 889, and cases cited.

The claimant further contends that if not entitled to the proceeds of the policy as daughter, she takes as administratrix of the estate of her father. By the terms of the clause in question, however, the interest of Eben S. Thompson was contingent upon his surviving the insured. As he was deceased when this paid up policy was issued, manifestly no interest could vest in him as beneficiary. Even if we consider that this policy as between the parties stands in the place of the original (see *Pingrey* v. *National Life Ins. Co.* 144 Mass. 374; *Millard* v. *Brayton,* 177 Mass. 533, 540), any interest vesting in him was subject to be defeated by his death before that of the insured. He had no transmissible interest in the proceeds, and his personal representative consequently acquired none. *Fuller* v. *Linzee*, 135 Mass. 468. *Haskins* v. *Kendall*, 158 Mass. 224. See *Wilde* v. *Wilde*, 209 Mass. 205; *Davis* v. *New York Life Ins. Co.* 212 Mass. 310.

As there were no children of Eben S. and Martha A. Thompson to take as beneficiaries after his death, the right reverted to the insured as a lapsed trust, and on her death the benefit of the insurance passed to her representative.

It follows that the order of the Appellate Division adjudging the fund in question to be the property of the claimant, Ellena T. Palmeter, must be reversed, and judgment entered in favor of the plaintiff.

*So ordered.*