JOSEPH KRUGER, administrator, *vs.* JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY.

AGNES K. PFAFF BLACKWELL *vs.* SAME.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY, executor.

Suffolk.   November 5, 1936. — September 15, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, & QUA, JJ.

*Insurance*, Life: designation of beneficiary, death of beneficiary. *Words*, "In equal shares to each, if living."

A policy of life insurance payable to two named persons, "in equal shares to each, if living," created in each a several interest payable to him only in the event of his surviving the insured, without any interest in the other's share; and, one beneficiary having survived the insured and the other having predeceased him, one half of the proceeds of the policy was payable to the surviving beneficiary and the other half to the estate of the insured.

THREE ACTIONS OF CONTRACT. Writs in the Superior Court dated December 5, 1935, in the first action, and February 5, 1936, in the other actions.

The actions were heard together without a jury by *Pinanski*, J., who found for the plaintiff in the first action in the sum of $448.11, and for the defendant in each of the other actions, and reported the actions for determination by this court.

*A. L. Hyland*, for John Hancock Mutual Life Insurance Company.

*J. Kruger*, administrator *pro se*.

*J. Abbott*, for the plaintiff Blackwell, submitted a brief.

*C. M. Rogerson*, for the defendant Boston Safe Deposit and Trust Company, executor, submitted a brief.

DONAHUE, J. The John Hancock Mutual Life Insurance Company on the application of Louise C. Pfaff, in 1902, issued a policy of insurance on her life. The policy provided that the insurer "does insure the life of *Louise C. Pfaff* . . . in the amount of *Eight hundred* Dollars, and promises to pay said amount . . . upon satisfactory proof of the death of said Insured, to *her children, Gerard H. and Agnes K. Pfaff, in equal shares to each, if living*, or to such other beneficiary as may, according to the conditions hereof, be finally designated and recognized by endorsement hereon; or if no beneficiary be then living, then to the executor or administrator of the said Insured . . . ." The policy contained a provision reserving to the insured the right to change the beneficiary. The application for insurance, which is attached to and made a part of the policy, stated: "I hereby apply to the . . . Insurance Company . . . for insurance on my life . . . to the amount of *$800* for the benefit of *Gerard H. Pfaff, & Agnes K. Pfaff*, my *two children, equally* if living at my death, otherwise to my executor or administrator . . . ." The words quoted above appearing in italics were inserted in writing on printed forms of policy and application in which the other words above quoted appear in print.

After the death of the insured, which occurred in 1933, the insurer paid one half the proceeds of the policy to the

named beneficiary Agnes and one half to the executor of the insured.  The named beneficiary Gerard died intestate in 1925 leaving as his only heir at law and next of kin a minor son.  The administrator of the estate of Gerard, who is the plaintiff in the first of these actions, contends that one half the proceeds of the policy should have been paid to him as administrator.  The named beneficiary Agnes, who is the plaintiff in the second action, contends that she should have been paid the entire proceeds of the policy.  The insurer brought the third action to recover from the executor of the will of the insured the amount of one half the proceeds of the policy paid by it to the executor, contending that in the event it is held that such payment should not have been made, the insurer is entitled to recover the amount of the payment on the ground that it was made under a mistake of fact.

The three actions were tried together before a judge of the Superior Court, sitting without jury, on a statement of agreed facts, the insurance policy, and the application for insurance.  He found for the administrator of the estate of Gerard for the amount of one half the proceeds of the policy with interest, found for the defendants in the other two actions, and reported the three cases for the determination of this court, "judgment to be entered in accordance with the stipulations contained in said 'Statement of Agreed Facts.'"

It is the contention of the administrator of the estate of the named beneficiary Gerard that his intestate took, upon the issuance of the policy, a vested interest which was not divested by the death of Gerard before the death of the insured.  When the language of a life insurance policy expresses no other condition than a provision that the insured reserves the right to change the beneficiaries, a named beneficiary takes a qualified vested interest which will be divested if the insured exercises the right reserved. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 177.  *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305, 308.  But an insured in creating an interest in a named beneficiary may attach thereto the condition that, upon the bene-

ficiary not surviving the insured, the interest of the beneficiary shall terminate and thus not be transmissible to his legal representatives. *Fuller* v. *Linzee*, 135 Mass. 468, 470. *Haskins* v. *Kendall*, 158 Mass. 224, 227. *Wilde* v. *Wilde*, 209 Mass. 205, 208. *Davis* v. *New York Life Ins. Co.* 212 Mass. 310, 314. *Hersam* v. *Aetna Life Ins. Co.* 225 Mass. 425, 427. The contention of the administrator of the estate of Gerard presents the question whether the policy in the present case expresses such a condition.

The policy states obligations of the insurer with respect to the payment of its proceeds after the death of the insured upon the happening of certain alternatively described contingencies. It first provides that the insurer must make such a payment to the two *"children"* of the insured, whose names are stated, *"in equal shares to each, if living . . . ."* The contingent words *"if living"* are to be given a meaning if that is reasonably possible. *Maksymiuk* v. *Puceta*, 279 Mass. 346, 353. *Bray* v. *Hickman*, 263 Mass. 409, 414. The natural construction of the limiting phrase *"if living"* is to apply it to the last antecedent, which is the word *"each."* (See *Williams* v. *Old Colony Street Railway*, 193 Mass. 305, 307; *Hopkins* v. *Hopkins*, 287 Mass. 542, 547.) Thus applied, the intent is indicated not only that a division of the proceeds of the policy into equal shares was contemplated but also that the insurer was obligated to make a payment from the proceeds of the policy under this clause only to a child of the insured named as a beneficiary who should survive the death of the insured. Such an intent is also indicated by the language of the application for insurance "for the benefit of . . . [the named beneficiaries], my *two children, equally* if living at my death."

The words of the policy manifesting this intent as to the payment of its proceeds to the named children of the insured are in writing. They are followed by the printed words "or to such other beneficiary as may . . . be finally designated and recognized by endorsement hereon; or if no beneficiary be then living, then to the executor or administrator of the said Insured." Neither of these two alternative contingencies happened. But the words "if no beneficiary be

then living" indicate a general intent that a payment of the proceeds of the policy should not be made to the estate of any beneficiary who died before the insured.

We think that the provision for the payment of the proceeds of the policy to the named children of the insured *"in equal shares to each, if living"* manifests the intent to impose the condition that a payment under this clause could be made only to a child who was living at the time of the insured's death and that it must be held that the administrator of the estate of Gerard is not entitled to one half the proceeds of the policy.

The decision in the case of *Fish* v. *Massachusetts Mutual Life Ins. Co.* 186 Mass. 358, is not, as the administrator of the estate of Gerard contends, here controlling. There the policy provided that upon the death of the insured the proceeds should be paid to his wife and child, "or if they are not living" to his assigns or legal representatives. Because of the definite word of plurality, "they," in the limiting clause, it was held, in the absence of language indicative of a contrary intent, that the clause was applicable only if both wife and child failed to survive the insured, and consequently that the interest of the wife, who died before the insured, was not divested by her death. In the present case the words *"in equal shares to each, if living,"* incorporated in the clause creating the interests of the beneficiaries, when given their ordinary meaning indicate that the interests were contemplated as several and individual and that either of the beneficiaries was entitled to a payment out of the proceeds of the policy only *"if living"* at the time the insured died.

The named beneficiary Agnes contends that in the event which happened, the death of the other named beneficiary before the death of the insured, she became entitled to the entire proceeds of the policy. We do not think that the language of the policy manifests the intent to create a joint interest in the two named beneficiaries with the right in the survivor to take the whole of the proceeds. The policy requires the payment of the proceeds to the named benefici-

aries *"in equal shares to each"* and the application states that the policy was sought "for the benefit" of Gerard and Agnes, "my *two children, equally."* These are words indicative of the severance of interests, not of the creation of a joint interest. See *Shattuck* v. *Wall,* 174 Mass. 167, 169. The language does not manifest the intent to create an interest in a class, the members of which are to be determined as of the time of the insured's death. The beneficiaries are mentioned by name and a division of the proceeds into halves and the distribution of one half to each beneficiary are directed. See *Boynton* v. *Boynton,* 266 Mass. 454, 460. The intent is manifest to create a separate interest in each beneficiary individually. There are no words indicating the intent to create any interest through survivorship. Under the construction which must be given to the language used, the beneficiary Agnes was not entitled to the entire proceeds of the policy upon the death of the insured.

The policy in terms makes no provision, upon the happening of the contingency that one of the two named beneficiaries dies before the insured, for the payment of the one half of the proceeds of the policy which such beneficiary would have taken if then living. The designation of a beneficiary named in a policy of life insurance procured by the insured is in the nature of a declaration of trust. *Tyler* v. *Treasurer & Receiver General,* 226 Mass. 306, 308. *Boyden* v. *Massachusetts Mutual Life Ins. Co.* 153 Mass. 544, 546. *Pingrey* v. *National Life Ins. Co.* 144 Mass. 374, 382. *Gould* v. *Emerson,* 99 Mass. 154, 157. The insured who procures such a policy holds the insurer's promise to pay the proceeds, for the benefit of the beneficiary. If under a life insurance policy taken out by the insured a beneficiary's interest is terminated by his death before the death of the insured and no other beneficiary is designated to take that interest, it reverts as a lapsed trust to the legal representative of the insured. *Hersam* v. *Aetna Life Ins. Co.* 225 Mass. 425, 427. *Millard* v. *Brayton,* 177 Mass. 533, 542. *Haskins* v. *Kendall,* 158 Mass. 224, 227. *Bancroft* v. *Russell,* 157 Mass. 47, 50. *Fuller* v. *Linzee,* 135

Mass. 468, 473. In the present case the insurer properly paid one half the proceeds of the policy to the executor of the insured.

A stipulation of the parties provided the disposition which should be made of these three cases in the event that this court reached the conclusions hereinbefore stated. In accordance with the stipulation and the terms of the report judgment is to be entered for the defendant in each of the cases.

*So ordered.*