Amos L. Taylor, administrator, *vs.* Bennett Sanderson, executor, & others.

Middlesex. October 6, 1953. — December 9, 1953.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Annuity. Insurance,* Life insurance: death of beneficiary.

Under two annuity contracts, one providing for the payment of refund proceeds upon the death of the annuitant to designated beneficiaries in specified shares "if living . . . but if no such beneficiary is then living . . . to" the estate of the annuitant, and the other containing like provisions except that the words "if living" had been struck out of the printed form but not by direction of the annuitant, the shares of certain designated beneficiaries who predeceased the annuitant must be paid to the estate of the annuitant rather than to the estates of such beneficiaries.

PETITION, filed in the Probate Court for the county of Middlesex on February 14, 1952.

The case was heard by *Leggat, J.*

*Bradbury Gilbert,* for the petitioner.

*Bennett Sanderson,* executor, pro se.

*Saul L. Kaplan,* for John Hancock Mutual Life Insurance Company.

RONAN, J. This is an appeal from a decree of a Probate Court dismissing the petition of the administrator of the estate of Fred H. Shaw to establish the alleged interest of his estate in the refund proceeds from two annuity contracts entered into by an insurance company and Sarah E. Houghton which after her death were paid by the insurance company to the respondent Bennett Sanderson, the executor under her will.

Fred H. Shaw predeceased the annuitant, Sarah E. Houghton, as did others designated as beneficiaries in these contracts. In each instance the insurance company paid to Mr. Sanderson the amounts which the beneficiaries would

have received if they had survived the annuitant. The personal representatives of these deceased beneficiaries together with the insurance company were named as respondents. The parties entered into a stipulation that a decision that Mr. Sanderson was liable to pay the estate of Fred H. Shaw would settle his liability to the representatives of the estates of the other designated beneficiaries who died prior to the death of the annuitant.

The question to be determined is whether the shares of the proceeds which the beneficiaries would have taken had they survived the annuitant should be paid to the estates of these beneficiaries who predeceased the annuitant or whether these shares should be paid to the estate of the annuitant.

The annuitant applied for a contract of annuity which would provide that the excess of the single premium paid by her over the total of the annual amounts paid to her should be distributed on her death among her sister and three brothers equally and to the survivors. The application was granted and the insurance company on March 20, 1937, issued the annuity contract. This is the first contract that the company made with the annuitant. One of its provisions was that, upon the death of the annuitant, the company would pay the amount of the excess, if any, to "the beneficiary *Florence Pickard, sister, Charles K. Houghton, Elroy W. Houghton, John H. Houghton, brothers, equally or to the survivors or survivor*, if living, or to such other beneficiary as may be finally substituted under the conditions hereof, but if no such beneficiary is then living payment will be made to the executors or administrators of the Annuitant." The italicized words were in handwriting and the rest were printed.

The annuitant thereafter exercised the power to change the beneficiaries and nominated "my sister and brothers, Florence Picard, Charles K. Houghton, Elroy W. Houghton, each to receive one fourth. The other fourth to be divided equally between annuitant's nephews and niece, Fred H. Shaw, George H. Shaw, Edward H. Shaw, and Clara L. Shaw to be the beneficiary of said Policy, still reserving to

Taylor *v.* Sanderson.

myself the privilege of other changes, subject to all the pro-
visions of said Policy." The company on receipt of this
application made the following indorsement on the back of
the policy, "The Annuitant under date of January 5, 1939
nominates Florence Picard, Charles K. Houghton, Elroy W.
Houghton, sister and brothers, each to receive one fourth
($\frac{1}{4}$) of the proceeds. The other fourth ($\frac{1}{4}$) to be divided
equally among, Fred H. Shaw, George H. Shaw, Edward H.
Shaw and Clara L. Shaw, nephews and niece to be the bene-
ficiary under this contract, the annuitant still reserving the
privilege of other changes, subject to all the provisions of
the contract."

The company entered into a second annuity contract on
December 8, 1938, after the annuitant had requested a con-
tract for the benefit of "Florence Pickard, Charles K.
Houghton, Elroy W. Houghton, sister and brothers, each
to receive one fourth, the other fourth to be divided equally
between annuitant's nephews and niece, Fred H. Shaw,
George H. Shaw Edward H. Shaw and Clara L. Shaw."
This policy provided that upon the death of the annuitant
the excess of the amount paid by her for the annuity con-
tract over the amounts annually paid to her should be paid
"to the beneficiary *beneficiaries named in the endorsement on
page 4 and as provided therein*, if living, or to such other
beneficiary as may be finally substituted under the condi-
tions hereof, but if no such beneficiary is then living pay-
ment will be made to the executors or administrators of the
Annuitant." A line was drawn through the words "bene-
ficiary" and "if living," and the words in italics were type-
written, the remainder of the contract being printed. The
indorsement of the beneficiaries on page 4 of the contract
is set forth in the footnote.[1]

The annuitant died September 17, 1951. Florence Pick-

---

[1] "Florence Pickard, sister, one fourth ($\frac{1}{4}$) of the amount payable,
Charles K. Houghton, brother, one fourth ($\frac{1}{4}$) of the amount payable,
Elroy W. Houghton, brother, one fourth ($\frac{1}{4}$) of the amount payable and
the remaining one fourth ($\frac{1}{4}$) of the amount payable under the contract
to Fred H. Shaw, George H. Shaw, nephews, and Clara L. Shaw, niece,
equally."

ard, Edward H. Shaw, and Clara L. Shaw survived her, but Charles K. Houghton, Elroy W. Houghton, George H. Shaw, Fred H. Shaw, and John H. Houghton had predeceased her.

Although we are dealing here with the construction of annuity contracts which differ in some respects from life insurance policies, *Gregg* v. *Commissioner of Corporations & Taxation,* 315 Mass. 704, the provisions in these contracts relating to payments to be made to beneficiaries upon the death of the annuitant are similar to provisions in life insurance policies regulating the payments to be made upon the death of the insured. All the parties have deemed the situation in this respect as analogous to one dealing with the distribution of the proceeds of a life insurance policy where some of the beneficiaries have predeceased the insured.

The nature of the interest of a beneficiary in a life insurance policy where, as in these annuity contracts, the right was reserved to change the beneficiaries has frequently been described as a qualified vested interest which will terminate if the insured changes the beneficiaries. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174. *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305. *Wodell* v. *John Hancock Mutual Life Ins. Co.* 320 Mass. 1. It is also true that the interest of a beneficiary in such a policy terminates if he dies before the insured unless it appears from the application, the policy, and the circumstances attending its issuance that it was intended that the interest of the beneficiary should not end with his death but should be transmissible to his estate. *Boyden* v. *Massachusetts Mutual Life Ins. Co.* 153 Mass. 544, 547. *Haskins* v. *Kendall,* 158 Mass. 224, 227. It has frequently been said that upon the death of such a beneficiary a resulting trust arises in favor of the estate of the insured. *Fuller* v. *Linzee,* 135 Mass. 468. *Bancroft* v. *Russell,* 157 Mass. 47. *Hersam* v. *Aetna Life Ins. Co.* 225 Mass. 425. *Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass. 124, 129. In each of the instant policies or contracts the shares which the beneficiaries would have taken if they had survived the annuitant were properly paid to the estate of the annuitant. *Haskins* v. *Kendall,* 158 Mass.

224.   *Davis* v. *New York Life Ins. Co.* 212 Mass. 310.
*Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass. 124.
See *Strachan* v. *Prudential Ins. Co.* 321 Mass. 507, 509–510.

In reference to the first contract, the change of the bene-
ficiaries did no more than substitute a new group of bene-
ficiaries to each of whom the annuitant allocated a separate
and definite fractional part of the proceeds, and the indorse-
ment making this change left unaffected the other provisions
of the policy, one of which was that payment by the com-
pany was to be made to them "if living." The company
never agreed to pay anyone else. The indorsement became
a part of the contract and in accordance with the general
rule must be construed with the remaining provisions of the
contract. *Bielanski* v. *Westfield Savings Bank,* 313 Mass.
577, 581. *King Features Syndicate, Inc.* v. *Cape Cod Broad-
casting Co. Inc.* 317 Mass. 652, 654. So construed it is
plain that only those beneficiaries who survived the an-
nuitant should share the proceeds of this contract.

The appellant contends that the striking out of the words
"if living" in the body of the second contract indicates that
the right of the beneficiaries to share in the proceeds was
not contingent upon their survival of the annuitant. We
do not agree. The striking out of these words, so far as
appears, was not done by the annuitant or by her direction.
The only direction with reference to this contract that she
gave to the company so far as this record discloses was
contained in her application seeking to purchase the an-
nuity. Other than nominating the beneficiaries and allo-
cating the definite share that each should take in the pro-
ceeds, she gave no specifications to the company. The
company complied with the terms of the application except
in its failure to include Edward H. Shaw.[1] Nothing in the
application or the indorsement contained any provision rela-
tive to what should become of the share of a beneficiary who

___

[1] The indorsement did not contain the name of Edward H. Shaw who had
been nominated by the annuitant. He survived the annuitant. No conten-
tion is made that he was not entitled to the shares of the excess in both con-
tracts paid to him by the company.

should die before the annuitant. It may not be unreasonable to assume that these words were struck out by the draftsman in making out the contract. The fact that these words were deleted from one of the permanent forms used by the company does not in these circumstances prove that the annuitant intended that all the beneficiaries named or their estates, in case of their prior deaths, should share in the proceeds. Furthermore, it is to be noticed that, immediately following the description of the beneficiaries, the printed contract provided, "but if no such beneficiary is then living payment will be made to the executors or administrators of the Annuitant." [1] In interpreting an almost identical clause in *Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass. 124, 127–128, it was said, "But the words 'if no beneficiary be then living' indicate a general intent that a payment of the proceeds of the policy should not be made to the estate of any beneficiary who died before the insured."

The case of *Fish* v. *Massachusetts Mutual Life Ins. Co.* 186 Mass. 358, is distinguishable from the instant case for the reasons set forth in *Kruger* v. *John Hancock Mutual Life Ins. Co.* 298 Mass. 124, 128.

The company properly paid to the executor of the annuitant the share in the proceeds which Fred H. Shaw would have taken if he had survived, and, in accordance with the stipulation of the parties, similar payments were properly made to the executor of the annuitant in all other instances where the beneficiaries died before the annuitant.

*Decree affirmed.*

---

[1] Each annuity contract contains this clause.