RICHARD M. HAGER, RICHARD B. HAGER, RHONDA H. ARGENBRIGHT, STUART A. HAGER AND GREGORY L. HAGER, PLAINTIFFS V. LINCOLN NATIONAL LIFE INSURANCE COMPANY AND CHARLES E. WINECOFF, DEFENDANTS

No. COA96-592

(Filed 20 May 1997)

**Insurance § 304 (NCI4th)— annuity contracts—co-beneficiary predeceasing annuitant—interest terminated**

Where the annuitant reserved the right to change the beneficiaries in two annuity contracts, a co-beneficiary predeceased the annuitant, and the annuity contracts provided that a predeceasing beneficiary's "interest will pass to any other beneficiaries according to their respective interests," the predeceasing co-beneficiary had only an expectancy interest in the annuity proceeds during the annuitant's life which was extinguished when she predeceased the annuitant, and her terminated interest will pass to the surviving co-beneficiary rather than to her intestate heirs.

**Am Jur 2d, Insurance §§ 1720 et seq.**

Appeal by defendant Charles E. Winecoff from order entered 9 February 1996 by Judge H. W. Zimmerman, Jr., in Iredell County Superior Court. Heard in the Court of Appeals 17 February 1997.

On 8 and 11 March 1988 Lincoln National Life Insurance Company issued two annuity contracts to Sarah Barkley, a seventy-nine-year-old widow. She named as co-beneficiaries in both annuity contracts her daughter, Catherine Hager, and her son, defendant Charles Winecoff. By the terms of the contracts, Sarah Barkley reserved the right to change beneficiaries during her lifetime.

Co-beneficiary Catherine Hager predeceased the annuitant, dying intestate on 5 April 1993. Her intestate heirs are her husband

and her four children. Sarah Barkley, the annuitant, died testate on 3 February 1995, leaving residual values in the two annuity contracts.

Plaintiffs filed an action seeking a declaratory judgment as to their rights, if any, under the two annuity contracts issued to Sarah Barkley. They contended that as intestate heirs of Catherine Hager they are entitled to one-half of the residual values of the two contracts, and that defendant Winecoff is entitled to the other half.

Defendant Winecoff timely answered and moved to dismiss, denying plaintiffs' allegations that they had rights or interests in the residue of the annuity contracts, and, on 3 November 1995 moved for judgment on the pleadings.

Pursuant to an order entered 13 December 1995, Lincoln National paid defendant Winecoff, without objection from plaintiffs, one-half of the residual values of the two annuity contracts, and deposited the other half, with interest, with the Clerk of Superior Court for Iredell County. The order also dismissed Lincoln National Life as a party to this action.

On 17 January 1996 plaintiffs moved for summary judgment. The trial court denied defendant's motions to dismiss and for judgment on the pleadings, and granted plaintiffs' motion for summary judgment. The trial court concluded that "based upon the undisputed facts of record and the law applicable thereto, no material issue of fact remains to be determined by the Court or a jury, and that Plaintiffs are entitled to judgment as a matter of law." Accordingly, the trial court ordered that the residual half of the annuity contract proceeds be paid to plaintiffs.

Defendant Winecoff appeals from the trial court's entry of summary judgment in favor of plaintiffs.

*Eisele & Ashburn, P.A., by Douglas G. Eisele, for plaintiff-appellees.*

*Law Offices of Shaun A. Ingersoll, by Shaun A. Ingersoll, for defendant-appellant.*

MARTIN, John C., Judge.

Summary judgment is appropriate in a declaratory judgment action if there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. *N.C. Association of ABC*

*Boards v. Hunt,* 76 N.C. App. 290, 292, 332 S.E.2d 693, 694, *disc. review denied,* 314 N.C. 667, 336 S.E.2d 400 (1985).

The key provisions of both annuity contracts at issue in this case provide:

DESIGNATION

The Beneficiary named in the application for this Contract will receive the proceeds on the death of the Annuitant unless the Beneficiary has been changed by the Owner.

CHANGE

The Owner may change any Beneficiary during the life of the Annuitant unless otherwise provided in the previous designation. A change of Beneficiary will revoke any previous designation.

. . .

DEATH OF BENEFICIARY

Unless otherwise provided in the Beneficiary designation, if any Beneficiary dies before the Annuitant, that Beneficiary's interest will pass to any other Beneficiaries according to their respective interests.

The printed application for the first annuity contract provided one line entitled "BENEFICIARY NAME" and a second line entitled "CONTINGENT BENEFICIARY." The word "CONTINGENT" was crossed out, however, and the prefix "Co-" was added to both lines. Sarah Barkley's daughter, Catherine W. Hager, was listed on one line, and her son, Charles E. Winecoff, on the other. The printed application for the second annuity contract provided only one line entitled "BENEFICIARY," and both Catherine W. Hager and Charles E. Winecoff were listed on this line.

Defendant argues that the language of the contracts and corresponding applications is plain and unambiguous and provides that the nonvested interest of a co-beneficiary who predeceases the annuitant must pass to the other designated co-beneficiary. Plaintiffs counter that the language designating Sarah Barkley's two children as co-beneficiaries indicates her intention that neither would succeed to the interest of the other if either predeceased her. They also argue that the circumstances surrounding the issuance of the annuity contracts, as well as a residuary clause in Sarah Barkley's will, indicate that she intended each co-beneficiary's interest to pass to his or her

respective estate. *See Taylor v. Sanderson*, 116 N.E.2d 269, 271 (Mass. 1953).

There appears to be no North Carolina statute or case law to identify the extent of a predeceasing beneficiary's interest under an annuity contract. The fundamental issue here is whether Catherine Hager, as a co-beneficiary under Sarah Barkley's annuity contract, had a vested interest or an expectancy interest during the life of the annuitant, where the annuitant reserved the right to change beneficiaries before her own death.

Because this issue has not been addressed in North Carolina, both parties first urge us to apply the law of life insurance policies to interpret the annuity contracts. Provisions in annuity contracts "relating to payments to be made to beneficiaries upon the death of the annuitant are similar to provisions in life insurance policies regulating the payments to be made upon the death of the insured." *Taylor*, 116 N.E.2d at 271. We find it more appropriate, however, to turn to the law on annuity contracts, and find guidance in other jurisdictions.

The Pennsylvania Supreme Court has squarely held, and we agree, that when an annuity contract provides that any remaining balance after the death of the annuitant shall pass to a named beneficiary, "the beneficiary's right does not vest until the annuitant's death[.]" *In re Bayer's Estate*, 26 A.2d 202, 205 (Pa. 1942). More precisely, if the annuitant reserves the right to change the beneficiary, "such beneficiary has no vested interest in the policy or its proceeds during the insured's lifetime, but only an expectancy." *Id.*; *see also Succession of Jackson*, 402 So. 2d 753 (La. App. 4th Cir. 1981); *In the Matter of the Estate of Goldstein*, 119 A.2d 278 (Pa. 1956); 4 Am. Jur. 2d Annuities § 23, at 532 (1995 & Supp. 1996) ("Under the annuity contract in which an annuitant reserves to himself or herself the incidents of ownership, including the right to . . . change the beneficiary, the beneficiary has only an expectancy, and not a vested interest."); 3A C.J.S. Annuities § 17, at 886 (1973 & Supp. 1996) ("Where a right to change the beneficiary has been reserved in an annuity contract, a beneficiary during the annuitant's lifetime has no vested interest, but only an expectancy.").

To avoid the result under a strict application of this standard, plaintiffs blaze a precarious trail of analogy through the law of life insurance policies and wills to arrive at a proposal that the anti-lapse statute, G.S. § 31-42, applies to preserve their interest in the rights of

HAGER v. LINCOLN NATIONAL LIFE INS. CO.

[126 N.C. App. 349 (1997)]

Catherine Hager, the predeceasing co-beneficiary under the annuity contracts. We find no authority to support plaintiffs' application of the anti-lapse statute in this context. Moreover, we are not convinced that the legislature intended that the anti-lapse statute apply to determine the rights of beneficiaries under an annuity contract. We note further that if the anti-lapse statute applied as plaintiffs urge, plaintiff Richard M. Hager, being Catherine's widower and not her issue, would lack standing. *See* N.C. Gen. Stat. § 31-42 (1996).

Applying the standard declared in *In re Bayer's Estate* and its progeny to this case, we note that (1) the annuitant, Sarah Barkley, reserved the right to change beneficiaries before her death; (2) Catherine Hager, a co-beneficiary, predeceased the annuitant; and (3) the annuity contracts provided in plain language that a predeceasing beneficiary's "interest will pass to any other Beneficiaries according to their respective interests." There is no indication in the plain language of the contracts that the predeceasing co-beneficiary's interest should either survive her to be distributed among her heirs or pass by substitution under the anti-lapse statute.

Rather, the plain language indicates that Catherine's entire interest should pass to defendant Winecoff as the remaining co-beneficiary. Clearly, the language "according to their respective interests" refers to a situation in which there are several remaining co-beneficiaries, each assigned a fractional interest in the proceeds. In that case, the predeceasing beneficiary's terminated interest would be split among the surviving beneficiaries according to their respective fractional interests.

In accordance with the principles of annuity contract law, we find that Catherine Hager had only an expectancy interest in the proceeds of the annuity contracts during the annuitant's life, which was extinguished when she predeceased the annuitant. Summary judgment for plaintiffs is therefore reversed and this case is remanded for the entry of summary judgment in favor of defendant.

Reversed and remanded.

Chief Judge ARNOLD and Judge SMITH concur.