FRANCES E. BOYDEN *vs.* MASSACHUSETTS MASONIC LIFE
ASSOCIATION.

Hampden.        September 22, 1896. — January 6, 1897.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Beneficiary Association — By-Law — Statute — Designation of Beneficiary —
Disposition of Fund.*

A policy issued by a beneficiary association, organized under St. 1890, c. 421, pro-
vided that the insured member agreed to be bound by the by-laws of the asso-
ciation, one of which was, that, if the member "leaves no such designated parties
alive," the fund should be paid to the widow, children, or parents in specified
classes.   Section 21 of the statute provided that all policies which contained
any reference to the by-laws should contain or have attached to the policy a
copy of the portions of the by-laws referred to, and unless so attached and
accompanying the policy no such by-law should be received in evidence in any
controversy between the parties interested in the policy.   No copy of the by-
law above mentioned was contained in, attached to, or accompanied the policy,
which stipulated that the insurance should be paid to A., "if living, unless such
member shall have designated that it be otherwise paid, in which case it shall be
paid to the person or persons named in his last designation as recorded upon the
books of the . . . association."   The application contained this clause : "I direct
that after my decease the moneys to which I may be entitled as such member
shall be paid to the person or persons now of record, as my last designation, on
the books of said association."   The person so designated on the books was A.,
who had been the wife of the insured, but had died before the application and
policy were made, leaving one child, who was the only child of herself and the
insured.   The latter also left a widow.   *Held,* in an action on the policy, that
the by-law could not be considered a part of the policy, nor received in evidence ;
and that, as no beneficiary was sufficiently designated, the administrator of the
estate of the insured was entitled to the fund.

CONTRACT, upon a policy of insurance for $2,500, issued by
the defendant on the life of Henry N. Boyden, who was the
husband of the plaintiff.   Rosa A. White, the daughter of
Henry N. Boyden, Frank P. Lincoln, administrator of the
estate of Sally Boyden, the deceased wife of Henry N. Boy-
den, and Henry W. Bosworth, administrator of the estate of
Boyden, were admitted as claimants of the fund in the hands
of the defendant.   The case was submitted to the Superior
Court, and, after judgment for Henry W. Bosworth, adminis-
trator, to this court, on appeal, upon agreed facts, the material
parts of which appear in the opinion.

*E. F. Lyford,* for the plaintiff.

*E. P. Kendrick,* for Rosa A. White.

*F. P. Lincoln,* administrator *de bonis non* of the estate of Sally Boyden, also submitted the case on a brief.

*C. W. Bosworth,* administrator of the estate of Henry N. Boyden, submitted the case on a brief.

BARKER, J. The question is whether the provision of the policy, " that said member agrees to be bound by the by-laws and rules of the Association now in force, or as hereinafter altered or amended," makes operative, in ascertaining the disposition of the fund, the following·by-law : " Or if he [meaning the member] leaves no such designated parties alive it shall be paid as follows. 1st, To his widow and his minor children, to be apportioned to them as follows : If there be but one minor child, one half to the widow and one half to the minor child ; if more than one, one third to the widow and two thirds to the minor children, in equal shares. If there be no minor children, the whole to the widow ; if there be no widow, the whole to the minor children in equal shares ; or, 2d, If he leaves no widow and no minor child, then in equal shares to his adult children ; or, 3d, If he leaves no widow and no child, then to his mother ; or, 4th, If he leaves no widow and no minor child, then to his father." The association was organized and the policy was issued under, and is governed· by, St. 1890, c. 421. Section 21 of that statute is as follows : " All policies or certificates hereafter issued to persons within the Commonwealth by corporations transacting business therein under this act, which policies or certificates contain any reference to the application of the insured, or the constitution, by-laws, or other rules of the corporation, either as forming part of the policy or contract between the parties thereto, or having any bearing on said contract, shall contain or have attached to said policy or certificate a correct copy of the application as signed by the applicant, and the portions of the constitution, by-laws, or other rules referred to ; and unless so attached and accompanying the policy, no such application, constitution, by-laws, or other rules shall be received as evidence in any controversy between the parties to or interested in said policy or certificate, and shall not be considered a part of the policy or of the contract between such parties. The said

policy or certificate, application, constitution, by-laws, or other rules shall be plainly printed, and no portion thereof shall be in type smaller than brevier; provided, however, that nothing in this section shall be construed as applying to health certificates or contributional receipts, or other evidences used in reinstatement of a policy or certificate."

No copy of the by-law above quoted was contained in, attached to, or accompanied the policy. Therefore the by-law cannot be considered a part of the policy or contract, nor can it be received in evidence in this cause, which is a controversy between parties claiming to be interested in the policy, and the rights of the parties to the fund must be determined as if there were no such by-law. See *Considine* v. *Metropolitan Ins. Co.* 165 Mass. 462.

The policy stipulates that the insurance shall be paid "To Sally Boyden if living, unless such member [Henry N. Boyden] shall have designated that it be otherwise paid, in which case it shall be paid to the person or persons named in his last designation as recorded upon the books of the association." The application, a copy of which is attached to the policy, contains this clause : " I direct that after my decease the moneys to which I may be entitled as such member shall be paid to the person or persons now of record, as my last designation, on the books of said . . . association." The person so designated on the books was the Sally Boyden named in the clause quoted from the policy. She had been the wife of Henry N. Boyden, but had died before the application and policy were made. She left one child, Rosa A. White, one of the parties to the cause, who was and is the only child of Sally and of Henry N. Boyden. The administrator of the estate of Sally Boyden, and Rosa A. White, both contend that the fund belongs to Rosa A. White, and that, if it is payable to the administrator of Henry N. Boyden, then it should be paid to him for the sole benefit of Rosa A. White. But the clauses quoted from the application and the policy are to be taken together, and so the designation of Sally Boyden, conditional upon her being alive, is void because she was dead. If she had been living, the policy would have been payable to her only in case of her surviving Henry N. Boyden, and upon her death before him there would have been

a resulting trust in his favor. *Haskins* v. *Kendall*, 158 Mass. 224, and cases cited. He knew all the circumstances, and if he had intended to have the policy payable to Rosa A. White he could have designated her as the beneficiary at any time. It is therefore impossible to construe the policy as in effect payable to her.

Because there is in the policy no designation of Frances E. Boyden, the second wife and the widow as beneficiary, and the by-laws cannot be taken into account in determining to whom the fund is to go, her claim to have the fund paid to herself must be denied.

The result is, that, as no beneficiary is effectually designated, the administrator of the estate of Henry N. Boyden is entitled to the fund. *Clarke* v. *Schwarzenberg*, 162 Mass. 98, 101, and cases cited. *Judgment affirmed.*