## Ex parte MOSAIC TEMPLARS OF AMERICA.

## PARKER et al. v. MOSAIC TEMPLARS OF AMERICA.

### (3 Div. 690.)

(Supreme Court of Alabama. Jan. 28, 1925.)

1. **Insurance** ☞783—Beneficiary's interest in certificate a mere expectancy becoming vested only on death of insured.

Interest of beneficiary in certificate on life of member of fraternal benefit society is mere expectancy which becomes vested only on death of insured, in view of Code 1923, § 8445.

2. **Insurance** ☞785—Policy held payable to estate of insured, where beneficiary died before insured, and no change was made in policy.

Proceeds of a fraternal benefit insurance certificate of a society, governed by Code 1923, § 8439 et seq., were payable to estate of insured, where beneficiary died before insured, and no change was ever made in policy; beneficiary acquiring no vested interest in policy until death of insured.

Certiorari to Court of Appeals.

Petition of the Mosaic Templars of America for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Parker et al. v. Mosaic Templars of America, 103 So. 63. Certiorari granted; reversed and remanded.

C. H. Roquemore, of Montgomery, for petitioner.

The beneficiary named in the beneficiary certificate has no vested interest therein or thereunder until the happening of the contingency on which the insurance is payable. Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367. If the beneficiary dies before the member, the interest of the beneficiary is extinguished; and if no other beneficiary is designated, the proceeds will be paid as the laws of the society direct. Sup. Council v. Bevis, 106 Mo. App. 429, 80 S. W. 739; Polhill v. Battle, 124 Ga. 111, 52 S. E. 87; Emmons v. Grand Lodge, 4 Boyce (Del.) 272, 88 A. 459; Thomas v. Cochran, 89 Md. 390, 43 A. 792, 46 L. R. A. 160; Buckler v. Sup. Council, 143 Ky. 618, 136 S. W. 1006; Mattison v. Sov. Camp, 25 Tex. Civ. App. 214, 60 S. W. 897. If no one is living at maturity of certificate competent to be named as beneficiary, the Society is not liable. Code 1923, § 8445; Smith's Adm'r v. Hatke, 115 Va. 230, 78 S. E. 584; Loewenthal v. Dist., 19 Ind. App. 377, 49 N. E. 610; Alexander v. Page (Sup.) 150 N. Y. S. 104; Ownby v. Sup. Lodge, 101 Tenn. 16, 46 S. W. 758; Hill v. Sup. Council, 178 Mass. 145, 59 N. E. 652.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, opposed.

The interest of the beneficiary named became vested, as no change of beneficiary was made or sought to be made by the insured. Thomas v. Cochran, 89 Md. 390, 43 A. 792, 46 L. R. A. 160; Expressman's Mut. Ben. Ass'n, v. Hurlock, 91 Md. 585, 46 A. 957, 80 Am. St. Rep. 470; Chartrand v. Brace, 16 Colo. 19, 26 P. 152, 12 L. R. A. 209, 25 Am. St. Rep. 235; 29 Cyc. 129; Johnson v. Hall, 55 Ark. 210, 17 S. W. 874; Drake v. Stone, 58 Ala. 133; Slaughter v. Grand Lodge, 192 Ala. 301, 68 So. 367.

SAYRE, J. Appellants sued to recover the amount of a policy of insurance issued by appellee on the life of Nancy Raife. Appellee is a fraternal benefit society, and is governed by the Act of April 24th, 1911 (Acts, p. 700 et seq.), now section 8439 et seq. of the Code of 1923. Nancy Raife was a member, and had designated Bettie Alexander as the beneficiary of the policy. Bettie died long before Nancy; but Nancy continued during her life to pay premiums—contributions to "endowment," it is called—and dues, without designating any other beneficiary. The promise of the policy is "at the death of said insured to pay to the person or persons mentioned in the will made by the insured during their lifetime"—which the Court of Appeals, looking to cognate provisions of the policy, correctly held to include the designation of a beneficiary as elsewhere and otherwise provided in the policy—"the following amount," etc. The pleadings exclude the conclusion that insured made a testamentary disposition of the policy or its proceeds. Bettie Alexander was the mother of insured; appellants are cousins of Bettie.

Section 8445 of the Code provides:

"8445. *Beneficiaries Defined.*—The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree ascending or descending, father-in-law, mother-in-law, son-in-law, daughter-in-law, stepfather, stepmother, stepchildren, children by legal adoption, or to person or persons dependent upon the member; but, if after the issuance of the original certificate the member shall become dependent upon an incorporated charitable institution, he shall have the privilege, with the consent of the writer, to make such institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules or regulations of the society, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of the said member; but any society may, by its laws, limit the scope of beneficiaries within the above classes."

The question presented for decision is whether appellants are on the facts stated

entitled to recover of the defendant fraternal benefit society.

[1, 2] The interest of a beneficiary in the certificate on the life of a member of a fraternal benefit society is a mere expectancy, which becomes vested only on the death of the insured. 4 Cooley's Briefs, p. 3755; McDonald v. McDonald (Ala. Sup.) 102 So. 38; [1] Slaughter v. Grand Lodge, 192 Ala. 305, 68 So. 367. Such is the effect also of the statute, supra. And so it is correctly held that, if the insured and the beneficiary die at the same time, there is no instant of time when the named beneficiary's expectancy could ripen into a vested right so as to descend to his next of kin or distributees under the statute of distributions. Balder v. Middeke, 92 Ill. App. 227. In many cases it has been held, and correctly so in our judgment, that since the beneficiary designated in the certificate of a mutual benefit association has no vested interest, if such beneficiary dies before the member and no other beneficiary has been designated, the proceeds of the certificate, on the death of the insured, will not go to the next of kin of the beneficiary, but, subject to the rules of the association, to the estate of the insured. 4 Cooley's Briefs, p. 3781, 3782, where the cases are cited. The cases support the text, and others might be cited to the same effect. A small minority of adjudicated cases hold to the contrary; but it will be found on examination that they may be discriminated on the facts, or the courts deciding them took a view of the law different from that expressed in the statute to which we have referred, now of general adoption by the states of this Union.

Thus will be seen our judgment that the Court of Appeals erred in its opinion to the effect that the proceeds of the policy in suit descended to the next of kin or distributees of the deceased beneficiary.

We are asked to hold that, under the special provisions of the policy, appellee, defendant in the trial court, was not under duty to pay to any one. But that question is not involved, and will be decided when the estate of the insured may be heard.

Certiorari granted; judgment reversed and cause remanded.

All the Justices concur.

