## MOSAIC TEMPLARS OF AMERICA v. RAIFE. (3 Div. 533.)

(Court of Appeals of Alabama. March 16, 1926. Rehearing Denied April 6, 1926.)

**1. Insurance ☞785.**

Mother of insured, to whom benefit certificate was assigned and who predeceased insured, took no vested interest in benefits of certificate.

**2. Insurance ☞784(1, 5)—Benefit certificate held to contemplate benefiting of relations named therein or to permit insured to designate by will or assignment some other beneficiary (Code 1923, § 8445).**

Benefit certificate, providing for payment of benefits on death of insured to relatives named or any person to whom policy might be willed or assigned, *held* to contemplate benefiting named relations or to permit insured to designate by will or assignment some other beneficiary, in view of Code 1923, § 8445.

**3. Insurance ☞784(1).**

Assignment of benefit certificate at foot thereof by insured *held* not a "will" or intended to be a will.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Will.]

**4. Insurance ☞785.**

Death of assignee of benefit certificate prior to death of insured revoked assignment leaving with insured right to dispose of benefits by will or to allow payments to be made to relatives in order specified in certificate.

**5. Insurance ☞785.**

In absence of designated beneficiary in benefit certificate, benefits reverted to insured as a lapsed trust on death of named assignee of certificate and passed to insured's estate on her death.

**6. Insurance ☞785.**

Although insured continued to pay premiums after death of assignee of certificate benefits did not pass to estate of assignee, and insured's husband took her estate, including benefits of certificate.

**7. Insurance ☞778.**

Husband and sole heir of insured, who died intestate and without assignment of benefit certificate, *held* entitled to proceeds of certificate notwithstanding provision that no payment would be made if insured died without disposing of certificate by assignment or will, in view of other provisions.

**8. Insurance ☞726.**

Benefit certificate must be construed liberally and in favor of insured as against insurer.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on a policy of insurance by Joseph Raife against the Mosaic Templars of America. From a judgment for plaintiff, defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Mosaic Templars of Amer. v. Raife (Ala. Sup.) 110 So. 67.

C. H. Roquemore, of Montgomery, for appellant.

The beneficiary acquires no vested interest in the policy until the member dies, and takes no interest unless the member dies first. Parker v. Mosaic Templars, 20 Ala. App. 479, 103 So. 63. A beneficiary of a member in defendant society must be designated as required by the terms and conditions of the contract, and as required by the constitution and laws of the society. Mosaic Templars v. Mills, 20 Ala. App. 399, 102 So. 538; Code 1923, § 8445.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

Terms and provisions of a policy are to be construed most strongly against the insurer. Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528; Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816. If there was a proper designation of beneficiary, which afterwards became ineffectual, the insurer is not absolved from payment, but is required to pay to the estate of the insured. Henry v. Knights and Daughters of Tabor, 156 Ark. 168, 246 S. W. 17; Gibbs v. Knights of Pythias, 173 Mo. App. 47, 156 S. W. 11. The plaintiff is the only eligible beneficiary, and stands in the place of the estate of the member. Code 1923, § 8445.

BRICKEN, P. J. [1] It appears without dispute that plaintiff is the widower of Nancy Raife, who at the time of her death in 1922 held a benefit certificate in appellant order, that Nancy Raife died intestate leaving plaintiff as her sole heir at law, in which capacity he sued on said certificate, showing that no administration on the estate of Nancy Raife was had or was necessary. It further appears that the certificate was issued some ten years prior to her death, and by her assigned to her mother, Bettie Alexander, who predeceased the insured. Under the terms of the policy, and under the law, Bettie Alexander took no vested interest in the benefits of the policy. Wilkso Parker v.

Mosaic Templars of America, 212 Ala. 471, 103 So. 65.

The sole question presented by the record and insisted on in argument is whether or not plaintiff, as the heir at law of the insured is entitled to recover the benefits of the policy, or is the company under any duty to pay any one. Appellant insists that because of certain provisions of the policy and laws of the order it is under no obligation to pay any one; *that the order itself retains or appropriates the benefits of the policy.*

The two provisions are as follows: (1) "Members holding policies in this order and dying without making some disposition of the same by will or assignment will not under any consideration be paid"; and (2) "in consideration of the faithful performance of the above agreement * * * the Mosaic Templars of America agrees at the death of the insured to pay to the person named in the will made by the insured during their lifetime the following amounts," etc.

[2] We find in the policy the following provision, which in our opinion is controlling here:

"Nancy Raife * * * was a financial member in good standing at issuing of this policy; if they shall so continue until death, their widow, *widower* (italics supplied), mother, father, sister, brother, or any party to whom this policy may be willed or assigned, shall be paid any sum not exceeding $300 death policy, etc."

[3-5] It would appear from this that the parties to the contract contemplated benefiting certain named relations in the order set out, or, if the insured so elected, to permit her to designate by will or assignment some other beneficiary within the permitted class. Code 1923, § 8445. Certainly the assignment by Nancy Raife at the foot of the policy is not a will, or intended to be effective as such; for, if so, probate proceedings would be necessary. The quoted clause gave her the right to either assign or will the benefits of the policy should she care to change the designated order of payment. This was only a convenient mode of designating a beneficiary. The policy as well as the law, provided that the death of the beneficiary prior to that of the insured revoked the assignment, leaving with the insured the right to dispose of the benefits by will, or to allow the payments to be made in the order specified in the policy. In any event, in the absence of a designated beneficiary, the benefits of the policy reverted to her as a lapsed trust upon the death of the named assignee, and these benefits passed to her estate upon her death. Hersam v. Ætna Life Ins. Co., 225 Mass. 425, 114 N. E. 711; Parker v. Mosaic Templars, supra.

[6, 7] The insured lived for eight years after the death of the mother, to whom she had assigned the policy, and during these years continued to pay dues and assessments. She is presumed to have known that under the law and terms of her policy her mother's estate would receive no benefit from the policy. It must be presumed that she also knew that her husband would take her estate under the law, if not by the very terms of the policy. Nor do we find anything in the above-quoted provisions of the policy relied upon by appellant militating against this conclusion. The provision first quoted is ambiguous and out of harmony with the purpose of the contract if construed as appellant contends it should be. The second provision quoted and relied upon by appellant, if interpreted as contended for in brief, would restrict the insured to the designation of beneficiaries by will only, leaving no room for assignments.

[8] The contract must be construed liberally, and in favor of the insured as against the insurer. This is well settled. Union Central Relief Ass'n v. Johnson, 198 Ala. 488, 73 So. 816; Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528.

The judgment appealed from is affirmed.

Affirmed.