156 So. 554

### STOKES et al. v. LOVEMAN
### 6 Div. 581.

Supreme Court of Alabama.
June 28, 1934.

Rehearing Denied Oct. 4, 1934.

Benj. Leader and Sam'l Tenenbaum, both of Birmingham, for appellants.

266

Louis Silberman and Morris K. Sirote, both of Birmingham, for appellee.

BOULDIN, Justice.

The suit is to determine the rightful claimant to $450, the proceeds of a fraternal benefit insurance certificate.

The case is here presented on an agreed statement of facts. The controlling facts are these:

Cornelius Brown was a member of Grand Lodge Knights of Pythias of North America, etc., of Alabama (Colored), and held a certificate of insurance in the endowment department entitling the beneficiary named therein to the death benefit in above amount.

The beneficiary named was Isabella Brown, wife of the insured. She died before her husband. No change of beneficiary was registered with said fraternal society, nor was any request for any change made by the insured to the society.

After the death of Isabella, the insured married Hattie Brown, who survives the insured.

Cornelius Brown, the insured, died in December, 1932. He left a will purporting to bequeath the proceeds of this insurance to his two sisters, Stella Stokes and Lillie Joseph, who are still living.

The will was duly probated, and Joseph H. Loveman, the executor therein named, was duly appointed and qualified as such.

The two sisters, claiming under the will, or as beneficiaries designated or appointed by such instrument, made demand on the order for such fund, and the widow, claiming the proceeds as part of the estate of the insured exempt to her as widow (the entire personal estate not exceeding $1,000), demanded payment to the executor for her benefit.

It was then agreed that the fund be paid over to Joseph H. Loveman, as executor, to be held by him as a stakeholder, and by him paid over to the proper claimant when ascertained. This was done.

Thereupon this suit was instituted by the sisters against such executor, who pleaded in short by consent, and judgment went for defendant, in effect awarding the fund to the widow.

To whom does the fund belong?

The record purports to set out the pertinent parts of the constitution and laws of the order. Under heading "Change of Beneficiary" appears the following: "The beneficiary or beneficiaries named in this certificate have no vested interest herein, and the beneficiary or beneficiaries may be changed at any time and as often as the member may desire, upon complying with the laws of the Grand Lodge relating to same. If the member dies leaving no beneficiary designated, the laws of the Grand Lodge applicable to such cases will govern."

Under this provision, in keeping with the general law touching fraternal insurance, the original beneficiary, the first wife of the insured, took no vested interest, and no rights accrued to her distributees on the death of the insured. All parties agree as to this.

If this record is correct in saying all the pertinent provisions of the constitution, rules, and regulations of the order are set out, it appears no laws of the Grand Lodge have been provided for a case of no beneficiary designated by the insured. So far as the rules of the order go, it is a casus omissus. Leaving the will out of view for the present, we have a case of no beneficiary designated by the insured, and no rules of the order naming the beneficiary in such case.

This court, all the justices sitting, considered this situation in Ex parte Mosaic Templars of America, 212 Ala. 471, 103 So. 65. It was held that the proceeds went to the estate of the insured. This case was followed by the Court of Appeals in Mosaic Templars of America v. Raife, 21 Ala. App. 329, 110 So. 66, certiorari denied 215 Ala. 159, 110 So. 67.

In this latter case, it was treated as a lapsed trust, citing Hersam, Executor, v. Ætna Life Insurance Company, 225 Mass. 425, 114 N. E. 711.

Under the view we have thus adopted, the beneficiary or trust feature has failed for

want of one to take, and the beneficial ownership of the fund reverted to him who created it, and it becomes a part of the estate of the insured. See, also, Matter of Czarniak's Estate, 140 Misc. 754, 251 N. Y. S. 536; Schlereth v. Neely et al. (Mo. App.) 285 S. W. 168; Fleming et al. v. Grimes, 142 Miss. 522, 107 So. 420, 45 A. L. R. 618; Cooley's Briefs, Sup. Vol. 8, pp. 1003, 1004.

Section 8478 of the Code exempts a benefit fund from the payment of debts, either of the member or the beneficiary, before or after payment. This is in keeping with the general policy to permit one to accumulate a death benefit for those whom the law recog- nizes as the proper objects of his providence, and to protect same in the hands of the beneficiary.

But under our decisions no such fund has here arisen. No benefit has been created because of failure to name a beneficiary.

In Sovereign Camp, W. O. W., v. Snider, 227 Ala. 126, 148 So. 831, the beneficiary survived the insured, the benefit accrued to and vested in her. It was held that on her death, occurring the next day after the death of the insured, the proceeds went to her distributees directly and exempt from administration.

We do not consider this in conflict with our other cases holding that no such status attaches to a fund without a beneficiary.

But what of the will?

■ The certificate or contract stipulated: "That this policy shall not be assigned, transferred nor hypothecated, nor the proceeds thereof disposed of by will, by the said Brother Knight." A will imports the property bequeathed is part of the testator's estate. Under our law, a husband cannot, by will, defeat the wife's exemptions.

The sisters do not seek to sustain their claim under the will as a will, but to set up the will as a sufficient designation of beneficiaries.

The constitution required that a change of beneficiary should be by designation in writing, signed by the member, attested by the keeper of records and seal of his lodge, which, with the policy, shall be forwarded to the endowment secretary.

It is manifest that the mere execution of a will, retaining same in his own keeping, never bringing it in any way to the attention of the order, did not meet the rules for designation of a beneficiary, any more than signing and holding any other instrument of like import.

Reliance seems to be had on the proposi- tion that the contractual forms for designating a beneficiary are for the benefit of the insurer, and same may be waived by him. This is true in so far as the rights of the insurer go. It is not pretended there was any waiver or even knowledge of the will on the part of the insurer during the life of the insured. On the death of the insured, the rights of all persons in this fund became vested. The insurer could not at that stage, through any act of waiver, change the rightful ownership of the fund. McDonald v. McDonald, 212 Ala. 137, 102 So. 38, 36 A. L. R. 761.

Moreover, the insurer has not in any way sought to change the status as fixed by the death of the insured. Very properly the order has recognized that here is a fund due to some one, and has taken steps to put it in the hands of a stakeholder to be paid to the rightful claimant when ascertained.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.