## SOVEREIGN CAMP, W. O. W., v. SMITH et al. (DIXON, Intervener).

District Court, M. D. Alabama, S. D.
June 30, 1934.

A. A. Carmichael and H. G. Tiller, both of Geneva, Ala., for complainant.

E. C. Boswell, of Geneva, Ala., and A. K. Merrill, of Dothan, Ala., for respondents.

J. C. Fleming, of Elba, Ala., and A. Whaley, of Andalusia, Ala., for intervener.

CHARLES B. KENNAMER, District Judge.

This cause is now before the court on the motion of the respondents, Mary Lizzie Smith et al., to set aside and vacate an order and decree heretofore made denying the motion of these same respondents to remand this cause to the circuit court of Geneva county, Ala.

From the evidence submitted on the motion to remand this cause to the state court, and the stipulations and agreements of counsel for all of the parties to the cause, the court finds the following facts:

The respondents Mary Lizzie Smith, J. C. Bean, and John Ely Powell brought a suit at law, in the circuit court of Geneva county, Ala., as the heirs at law of Cleveland D. Bean, deceased, against the Sovereign Camp of the Woodmen of the World, a fraternal benefit insurance association, seeking to collect the proceeds of a certificate issued by the defendant to the said Cleveland D. Bean, deceased.

The decedent prior to his death had made an assignment of the proceeds of the certificate to the Andalusia National Bank, now in liquidation, and the intervener, Thomas A. Dixon, is the receiver appointed by the Comptroller of the Currency of said bank.

In response to the suit brought against it by the plaintiffs in the circuit court of Geneva county, Ala., the defendant in that suit, the Sovereign Camp of Woodmen of the World, filed a bill of interpleader, in the said circuit court of Geneva county, Ala., in equity, and paid the proceeds of the said certificate into the registry of that court.

The Sovereign Camp of Woodmen of the World made the parties plaintiff in the suit at law respondents to their bill of interpleader, and also made, by way of amendment, the administratrix of the estate of Cleveland D. Bean, deceased, a party respondent, and made Thomas A. Dixon, as receiver of the Andalusia National Bank, a party respondent.

Thomas A. Dixon, as such receiver, filed his petition in said circuit court of Geneva county, Ala., in equity, for the removal of the cause to the federal court wherein the cause is now pending.

The certificate of insurance, the basis of this litigation, was issued by the Sovereign Camp of Woodmen of the World, a fraternal benefit society, upon the life of Cleveland D. Bean, deceased, and Aaron W. Bean, also deceased, was named as beneficiary in said certificate.

Respondents Mary Lizzie Smith, J. C. Bean, and John Ely Powell are the next of kin and surviving relatives of both Aaron W. Bean, deceased, and Cleveland D. Bean, deceased.

Cleveland D. Bean, six or seven months before his death and after the death of the named beneficiary, Aaron W. Bean, attempted to assign, transfer, and set over to the Andalusia National Bank of Andalusia, Ala., for a valuable consideration, the benefits of said policy or certificate, which the Andalusia National Bank through its receiver, Thomas A. Dixon, claims the proceeds of said policy or certificate of insurance by and through the alleged assignment.

Respondents Mary Lizzie Smith, J. C. Bean, and John Ely Powell claim the proceeds of said policy or certificate of insurance by right of inheritance or beneficiaries by operation of law.

It is insisted by respondents Mary Lizzie Smith, J. C. Bean, and John Ely Powell that under and by virtue of the certificate of insurance issued to Cleveland D. Bean and by the constitution and by-laws of said society they are the only persons to whom the benefits can be paid.

The intervener, Thomas A. Dixon, receiver of the Andalusia National Bank, makes claim to the proceeds of the policy or certificate by reason of the assignment and transfer by the insured or certificate holder to the bank prior to the death of the insured.

The one issue now before this court on these facts is whether the receiver is, by reason of the assignment or transfer so made, an interested party, or the party entitled to the proceeds of the policy or certificate. If he is, the case was properly removed to this court, and the motion to remand must be denied and overruled.

At the time the decedent made the assignment of all benefits to be paid under the terms of the certificate that had been issued to him by the insurer, Sovereign Camp of Woodmen of the World, the insured certificate holder was then indebted to the Andalusia National Bank, and before his death became indebted to said bank more than the amount of the certificate.

The Andalusia National Bank and the insured or certificate holder gave notice to the insurer, Sovereign Camp of Woodmen of the World, of this assignment, by the certificate holder to said bank, and after such assignment the bank paid the Sovereign Camp of Woodmen of the World all or part of the required dues or premiums necessary to keep such insurance as was provided for in the certificate so assigned in effect from the date of the assignment until the death of the insured.

The Sovereign Camp of the Woodmen of the World with notice of the assignment never objected to or brought into question the assignment.

The contract or certificate provided for loan or cash surrender values to accumulate as the certificate matured in age from year to year and these benefits were and might be payable to the insured.

### Conclusions of Law.

■ A. A beneficiary designated in the certificate of a mutual benefit association has no vested interest. If such beneficiary dies before the member and no other beneficiary has been designated, the proceeds of the certificate on the death of the insured will not go to the next of kin of the beneficiary, but, subject to the rules of the association, to the estate of the insured. Ex parte Mosaic Templars of America, 212 Ala. 471, 103 So. 65.

■ B. It is not necessary for an assignee to have an insurable interest in the insured to make effective such assignment, and such assignee is entitled to the proceeds as against the heirs of the deceased. Grigsby v. Russell, 222 U. S. 149, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863.

■ C. A certificate issued by a mutual benefit society is a chose in action and is assignable, and an action thereon may be brought in the name of the assignee.

D. A mutual benefit certificate may be assigned as collateral security for the member's debt or obligation; it being a chose in action.

■ E. A party may waive a rule of law or statute, or even a constitutional provision enacted for his benefit or protection, where it is conclusively a matter of private right, and no consideration of public policy or morals is involved, and, having once done so, he

cannot subsequently invoke its protection. Woolf v. McGaugh, 175 Ala. 299, 57 So. 754; 25 R. C. L. 781, § 28.

█ F. If the by-laws of a mutual benefit society prohibit a member of the order from assigning his benefit certificate to secure a debt or as collateral security, such provisions are intended for the benefit of the society and can only be taken advantage of by it, and no rights of his heirs at law having vested they cannot be heard to complain.

The restrictions and limitations on transfers and assignments set out in the by-laws, and the certificate and the law of Alabama, are for the benefit of the certificate holder or insured and the insuring associations, and the association that issued the certificate and has tendered the money into court is making no objection to the transfer made by the certificate holder or the insured.

█ The motion is overruled and denied, and a decree will be entered in keeping with this finding.