GRAND COURT ORDER OF CALANTHE OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA, AND AUSTRALIA, JURISDICTION OF FLORIDA, v. LUKE JOHNSON, Administrator.

160 So. 884.

Division B.

Opinion Filed April 18, 1935.

*M. S. McGregor* and *S. D. McGill,* for Plaintiff in Error; *Smith & Fuller,* for Defendant in Error.

TERRELL, J.—Luke Johnson, as administrator of the estate of Hannah DeVoe, brought a common law action

against Grand Court Order of Calanthe of North America, South America, Europe, Asia, Africa, and Australia, Jurisdiction of Florida, a fraternal benefit society doing business under the laws of the State of Florida, to recover on a mutual benefit association policy. A demurrer to the declaration was duly sustained and the plaintiff was given until February 5, 1934, to amend, no time being designated within which the defendant should plead to the declaration as amended. The amended declaration was filed on the date required by the order of the court, and on March 5, 1934, praecipe for default was entered by the plaintiff for want of pleading to the amended declaration. A default judgment was entered March 6, 1934, and on April 3, following, final judgment was entered for the plaintiff, to which the present writ of error was prosecuted.

It is contended by plaintiff in error that no time having been fixed in which it should plead to the declaration as amended, it should have been notified of the filing of said declaration. It is further contended that the demurrer to the original declaration should have been visited on the declaration as amended.

To support its contention plaintiff in error relies on Section 2631, Revised General Statutes of 1920, Section 4297, Compiled General Laws of 1927, as follows:

"When an amendment of any pleading is allowed, the opposite party shall be bound to plead to the amended pleading within two days after notice in writing that the amendment has been made, when the amendment is made during term, unless otherwise ordered by the court; and in case the amended pleading has been pleaded to before amendment, and it is not pleaded to *de novo* within said two days, or within such other time as the court may allow, the pleading originally pleaded thereto shall stand and be considered as

pleaded in answer to the amended pleadings. When the amendment is allowed during vacation the court, in the order allowing the amendment or otherwise, shall direct the time for pleading thereto."

We construe the foregoing statute to require that when an amendment is allowed to any common law pleading during term time and no time is fixed by the court for the opposite party to plead to such amended pleading he is required to do so within two days after notice in writing that the amended pleading has been filed if filed within term time. If the amended pleading has been pleaded to before amendment and is not pleaded to *de novo* within the two days, or within such other time as the court may allow, the pleading originally pleaded thereto shall stand and be considered as pleaded in answer to the amended pleading. If the amendment is allowed in vacation the court shall direct the time for pleading thereto in the order allowing the amendment.

The purpose of the foregoing statute is to regulate the order of pleading when amendments or secondary pleadings enter into the process of making up the issues. The rule controls the primary pleadings. We are not clear whether the order allowing the amendment here involved was made in term or in vacation but it is admitted that when the order was made allowing the amendment no time was fixed to plead to the amended pleading. If the order allowing the amendment was made in term time the statute required that the amended pleading be pleaded to within two days but if the order was made in vacation then the court making it should have fixed the time to plead. In either event no pleading having been entered the demurrer to the original declaration should have been considered as to the amended

declaration. A default judgment was entered without doing this, so the cause must be reversed.

We might rest our decision on the foregoing conclusion but since the case goes back for further consideration we think it pertinent to elaborate on what we have said. It is admitted that the defendant is a fraternal benefit society doing business under the laws of Florida, that the designated beneficiary in the policy predeceased the insured, and that the latter died without naming a successor beneficiary.

Section 4454, Revised General Statutes of 1920, Section 6418, Compiled General Laws of 1927, exempts the proceeds of fraternal benefit society policies from attachment or appropriation to any debt or liability of the beneficiary or any other person who may have a right thereunder. Section 4440, Revised General Statutes of 1920, Section 6404, Compiled General Statutes of 1927, designates and limits the classes of beneficiaries of such policies and the by-laws of the society cannot go beyond the classes designated in the statute for distribution purposes.

It is not shown that the by-laws of the defendant had in anywise attempted to regulate the subject matter. Some of the authorities hold that in case of failure of the beneficiary in the policy of a mutual benefit society and no provision is contained in the by-laws for the distribution of the proceeds of such a policy it lapses and the society is liable to no one. Hallenberg v. District No. 1, I. C. B. B. 94 N. Y. 508; 45 Corpus Juris 245. Some of the authorities, on the other hand, are committed to the contrary rule, that is to say, if an ineligible beneficiary is designated in the policy or the beneficiary fails for any other reason than in that event the proceeds of the policy become a part of the estate of the holder on his death. Parker v. Mosaic Templars of America, 212 Ala. 471, 103 So. 65; Henderson v.

Woodmen of Union, *et al.*, 163 Miss. 210, 141, So. 345; Wolf v. District Grand Lodge No. 6, I. O. B. B. 102 Mich. 23, 60 N. W. 445; Boyden v. Massachusetts Masonic Life Ass'n., 167 Mass. 242, 45 N. E. 735, 14 R. C. L. 1382.

In our view the latter rule is the more equitable and better grounded. It is accordingly approved in this State. The proceeds of the policy brought in question would, therefore, revert to the estate of the holder to be distributed to her heirs under the statute of descents in the absence of a will or other disposition by the insured. They cannot be used for paying her debts other than funeral expenses and bills incurred incident to her last illness. The result of this disposition is to eliminate all possible beneficiaries named in Section 4440, Revised General Statutes, *supra*. If there are heirs under age the proceeds of the policy may be paid to the administrator for distribution among them or their legal representatives.

The judgment below is accordingly reversed with directions to set aside the default judgment and permit the pleadings to be amended to conform to the views as herein expressed.

Reversed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.