GRAND LODGE KNIGHTS OF PYTHIAS OF NORTH AMERICA, SOUTH AMERICA, EUROPE, ASIA, AFRICA AND AUSTRALIA, v. ISAIAH WILLIAMS.

165 So. 688.
Opinion Filed May 15, 1936.
On Rehearing February 12, 1936.

148

S. D. McGill, for Petitioner;

John C. Jackson and Fred M. Burns, for Respondent.

PER CURIAM.—Petitioner was sued by respondent in an action at law on a fraternal insurance policy. From a recovery in plaintiff's favor the defendant fraternal benefit association appealed from the judgment of the Civil Court of Record of Duval County to the Circuit Court as a Court of Appeal. In affirming the judgment there, the Circuit Judge delivered and filed a written opinion, the salient portions of which opinion of the Circuit Judge are as follows:

"This is a cause brought by one Isaiah Williams against the Grand Lodge Knights of Pythias of North America, etc., a corporation, a fraternal benefit association, to recover upon a policy issued to one Cornelius Hunter in his

lifetime by the Endowment Bureau of the defendant. The policy of insurance names one Nellie Hunter, the wife of the insured, as beneficiary. The named beneficiary predeceased her husband, leaving her surviving, her husband and the son of another marriage, the plaintiff herein. He claims the right to recover as the beneficiary substituted as a matter of law in place of the named beneficiary. The lower court overruled the demurrer of the defendant to the third and fourth counts of an amended declaration, such demurrer having averred as the ground to both of said counts that they stated no cause of action against the defendant, and, subsequently, after trial, judgment was rendered for the plaintiff. The defendant is here solely upon its assignment of error to the trial judge's ruling upon its demurrer. All other assignments have been abandoned. * * *

"In this case it was urged by the appellant in its first written brief that 'There is only one question to be argued on this appeal and that question is whether or not, in the absence of a named beneficiary, the persons designated in the statute as a class from which beneficiaries might be named take in the order named in the statute by operation of law.' Later in oral argument and subsequent brief the appellant argues further that on the face of each of the counts it is shown that the plaintiff was not the stepson of the insured within the purview of the Florida statutes. The latter contention the appellee insists cannot now in this Court for the first time be set up and, further, that the original ground of demurrer is so general in its nature as not to include this specific objection.

"While we feel that if the former objection had been raised in the lower court it might have been considered we are of the opinion that, not having been called to the attention of the trial court, it cannot now be considered here.

3 C. J. pp. 689-693, 580 and 581; See also id. pp. 684, Sections 677 and 678; 2 R. C. L. 69, Section 52, p. 85, Section 61; Southern Life Insurance and Trust Company v. Cole, 4 Fla. 359 tex. 364; Sanderson's Adm'r v. Sanderson, 17 Fla. 820, text 850; Logan v. Slade, 28 Fla. 699 text 715, *et seq.;* Hartford Fire Insurance Company v. Hollis, 58 Fla. 268, text 277-8; Mizell Live Stock Company v. J. J. McCaskill Company, 59 Fla. 322, text 328; Groover v. Hammond, 73 Fla. 1155, text 1160.

"This brings us to the main, and only, question for our determination, that is, whether, under the facts alleged, a stepson has the right to recover upon the policy of his step-father, in which policy his mother was the beneficiary, his mother having predeceased his stepfather, and no change of beneficiary having been made in the policy sued upon.

"The Statute of Florida, Section 6, Chapter 6970, Laws of Florida 1915, Section 4440, Revised General Statutes 1920, Section 6404, Compiled General Laws 1927, provides in part:

" 'The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, father in law, mother in law, son in law, daughter in law, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member.'

"It seems to us that the purpose of the parties to this contract of insurance was to provide upon the death of the insured for the family of the insured within the classifications pointed out by this statute.

"The Supreme Court of Louisiana has held the contract alone to be the sole measure of the plaintiff's right. In the absence of a beneficiary, either because of the death of such beneficiary prior to the insured's death without the substitution of any other for such beneficiary, or because of the

naming of an ineligible beneficiary, the fraternal insurance company need pay no one and the amount under the policy is properly retained by the company. Chance v. Grand Lodge Knights of Pythias, State of Louisiana, etc. (1930) 13 La. App. 362, 125 So. 894; Grayson v. Life Ins. Co. (La. App.) 144 So. 643; Burke v. Dist. Grand Household of Ruth (La. App.) (1933) 149 So. 274.

"Every contract is made in view of the law in force and applicable thereto.

"The object and intent of contracts of this nature is provision for the family of the insured, or those who stand in a similar relation, upon his death. As stated in the statute (Sec. 4427, Rev. Gen. Stats. 1920, Sec. 6391 Compiled General Laws, 1927) such an organization as the defendant is carried on solely for the mutual benefit of its members and their beneficiaries. Both parties were presumed to know the classes designated by statute to which payments were to be confined. It could not have been considered the intent of the parties that so long as any beneficiary existed of the classes named in the statute there should be a forfeiture. Such statutes are to be construed liberally and the spirit and intent of the law-making body is to be ascertained. In a number of states similar statutes have been construed to mean that payment, upon the death or ineligibility, of the named beneficiary, prior to the insured's death, must be made to someone in the class mentioned and that such payments should be made in the order named. Switchmen's Union v. Gillerman, 196 Mich. 141, 162 N. W. 1024, L. R. A. 1918 A. 117, Text p. 1119, Royal League v. Shields, 251 Ill. 250, 96 N. W. 45, 36 L. R. A. (N. S.) 208; Pythias v. Mackey (Texas Circt. Appeals) 104 S. W. 907; Grand Court of Galanthe v. Welch (Tex. Cir. App.) 250 S. W. 457.

"We hold that the statute of this State (Sec. 440 Rev.

Gen. Statutes 1920, Sec. 6404 Compiled General Laws, 1927) provides for the payment by a fraternal insurance company under the circumstances of this case, of the persons in the classes named, in the order in which they are named, and, if there are no persons of a preceding class, then the next succeeding class, in which there may be a survivor of the insured, shall be paid the amount provided for in the policy of insurance.

"Having reached this conclusion, no reversible error appearing in the record, the judgment of the lower court will be affirmed.

"GEORGE COUPER GIBBS, *Judge.*"

The Supreme Court has carefully considered the petition for certiorari and accompanying brief of Petitioner, attacking the correctness of the opinion and holding of the Circuit Judge as before quoted.

To grant certiorari would subserve no useful purpose because a consideration of petitioner's arguments in its brief in the light of the Circuit Court's well reasoned opinion and judgment of affirmance consequent thereon, has convinced this Court that the opinion and judgment of the Circuit Court are correct, and that same would, in due course, be approved as the opinion and judgment of the Supreme Court, should certiorari be awarded. Therefore the application for certiorari is denied for the same reasons that the judgment of the Civil Court of Record was affirmed by the Circuit Court, as stated in the opinion of the Circuit Court which this Court approves as a correct statement of the law.

Certiorari denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

## ON REHEARING.

PER CURIAM.—A reconsideration of this case on rehearing has brought in issue an alleged conflict between the original opinion in this case and that of the earlier case of Grand Court Order of Calanthe, etc., v. Johnson, decided on April 18, 1935. See: 119 Fla. 440, 160 Sou. Rep. 884. The precise point of difference is: What effect has Section 6406 C. G. L., 4440 R. G. S., in the determination of beneficiaries to take under a fraternal benefit society life insurance policy when the designated beneficiary predeceases the insured society member life insurance policy holder? Is it the heirs of the deceased policy holder claiming the insurance as part of the policy holder's estate under the general statute of descent, or is it the prescribed beneficiaries constituting the particular class of eligibles named in said Section 6404 C. G. L., 4440 R. G. S., who become, by operation of law, the substituted beneficiaries in lieu of beneficiary named, when he has predeceased the policy holder?

Our conclusion on this point on rehearing is that: Whatever conflict exists between the opinion in the case of Grand Court Order of Calanthe, etc., v. Johnson, *supra,* decided April 18, 1935, and the opinion in this case, which was decided May 16, 1935, should be resolved in favor of the opinion heretofore adopted and filed in this case on May 16, 1935.

This means that Section 6404, C. G. L., 4440 R. G. S., is to be considered as providing for a statutory class of beneficiaries of fraternal benefit society insurance policies, who become entitled by operation of law to take in the order named in the statute when the named beneficiary fails and that not until such statutory class has been exhausted does

the rule of distribution of the policy proceeds to the estate of the deceased policyholder apply.

Accordingly the rule of Grand Court Order of Calanthe v. Johnson, *supra,* is hereby modified and made to conform to the rule stated in the first opinion in this case adopted and filed May 16, 1935, and as so modified and reconciled is now adhered to, but otherwise overruled, thereby obviating all conflict between the two opinions as applied to a case like the present.

The original conclusion stated in deciding this case should be and is hereby made the judgment of this court on the rehearing which has been granted and had in this case, and it is ordered that judgment be entered accordingly.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.