Suit to set aside deed by City of Leesburg, Florida, a municipal corporation, against P.J. Adams, who filed a counterclaim. From the decree, P.J. Adams appeals.
Affirmed.
On January 16, 1945, the County of Lake, a political subdivision of the State of Florida, *Page 707 
filed in the Circuit Court of Lake County, Florida, its bill of complaint under the provisions of Chapter 20722, Acts of 1941, Laws of Florida, as amended by Chapter 22079, Acts of 1943, and Chapter 22079, as amended by Chapter 24206, Acts of 1947, Laws of Florida, Sections 194.47 to 194.58, F.S.A., for the purpose of foreclosing delinquent taxes against the NE 1/4 of the NW 1/4 of Sec. 35, Tp. 19 So. Range 24 East, less certain described property, and against other lands situated in Lake County, Florida. The following parties having an interest, as shown by the records of Lake County, were made parties defendant viz: C.A. Porter, T.O. Duval and the City of Leesburg, a municipal corporation. Process issued out of the Circuit Court of Lake County and was personally served on the said defendants and each of them suffered or permitted decrees pro confesso to be entered against them. On a subsequent date, to-wit, June 1, 1945, a final decree was entered against the defendants and the property supra involved in this suit. The County of Lake acquired title to the lands above described, and on February 4, 1946, by deed conveyed its rights, title and interest to the lands above described to P.J. Adams, and the latter, on February 6, 1946, caused the same to be recorded in the office of the Clerk of the Circuit Court of Lake County, Florida.
On May 16, 1947, the City of Leesburg filed in the Circuit Court of Lake County, Florida, its second amended bill of complaint against P.J. Adams in which it was alleged that the City of Leesburg, on December 8, 1941, acquired from T.O. Duval a warranty deed to the lands above described: That T.O. Duval obtained title from C.A. Porter by deed dated September 7, 1939, and recorded in Deed Book 253, page 93, among the Public Records of Lake County, on the 27th day of June, 1946. That C.A. Porter obtained title to the said property by virtue of a tax deed from the State of Florida dated November 1, 1937, and recorded in Tax Deed Book 7, page 483, of the public records of Lake County, Florida, on November 1, 1937.
It is further alleged that under Subsection (7) of Section 194.47, supra the County of Lake was without lawful authority to maintain its foreclosure proceedings against the lands described supra, because the City of Leesburg held a record claim of title thereto prior to the 1st day of May, 1943. Pertinent parts of the statute are viz:
"(7) Property held by municipalities under foreclosure. — All lands foreclosed by municipalities for delinquent taxes, or special improvement liens, or to which such municipalities acquired title prior to the first day of May, 1943, shall not be subject to the judicial proceedings by the county as herein provided, and shall not be included in the list required to be prepared by the clerk, nor included in the proceedings herein provided. From and after such date of expiration of such two-year period, neither the municipality nor the county shall assess such lands, to which title is held by municipalities, for taxes, nor extend valuations thereon upon their respective tax rolls; nor shall budget making authorities of either county or municipality consider the valuation of such lands in calculating millages required to be levied. It shall be the duty of each municipality holding title to such lands, on or before the first day of September, 1943, to furnish to the clerk of the circuit court, a verified and accurate descript of all such lands. * * *"
It was further alleged that it had caused to be prepared a list of those lands owned by the City of Leesburg appearing of record in its name in Lake County, Florida, on or before September 1, 1943, and did submit a list of said lands to the Clerk of the Circuit Court of Lake County, and requested that the lands described in the second amended bill of complaint be dismissed from the suit maintained by the County of Lake against the many delinquent taxpayers of said County, as the lands herein described were not subject to foreclosure under Section 194.47, F.S.A. It was a mistake to include the described property in the foreclosure proceedings, and erroneous to enter a final decree in favor of the County of Lake as against the lands described, as the court was without lawful authority to enter such final decree. The final decree conferred no authority or power on the County of Lake to execute *Page 708 
a deed to the defendant Adams as to the described property.
The City of Leesburg offered to do equity by paying into the Registry of the Court such money as was paid by Adams to the County of Lake for a deed. The bill of complaint prayed for an order setting aside and holding as naught and decreeing void ab initio said deed from the County of Lake to the defendant, P.J. Adams, as a cloud upon the title to the property so owned by the City of Leesburg prior to May 1, 1943. An answer to the bill of complaint and a counterclaim were filed in which he prayed that the claims of the City of Leesburg in and to said lands be decreed to be inferior and subordinate to the title obtained by defendant Adams from the County of Lake. Testimony was taken on the issues made by the pleadings, and on final hearing the City of Leesburg was granted the relief prayed for. From this decree Adams appealed.
It is contended here that the final decree should be reversed because the amended bill of complaint is not a bill of review nor an original bill in the nature of a bill of review, but at the most is a suit to quiet title. It does not charge fraud nor newly discovered evidence. The case of Miami Bank Trust Co. v. Mahlstedt, 107 Fla. 282, 144 So. 659, is cited to sustain the view. It cannot be said that the contention is wholly without merit, but the record is here controlling. Counsel for appellant did not file a motion to dismiss the amended bill of complaint and obtain a ruling thereon by the Chancellor, but filed an answer and counterclaim and on the issues made evidence was taken and the controversy submitted to the Chancellor. The sufficiency of the amended bill of complaint is argued here for the first time. See Grand Lodge, Knights of Pythias, v. Williams, 122 Fla. 147, 165 So. 688.
It is next contended that the amended bill of complaint fails to allege fraud or newly discovered evidence. On the question of fraud, it appears from the testimony that Mr. Gorman, attorney for the City of Leesburg, and its City Clerk went to the Clerk's office at Tavares and discussed with the Deputy Clerk, Mr. Harnage, delinquent taxes due by the City of Leesburg. Mr. Gorman and Mr. Jones, for the City of Leesburg, were in Tavares and conferred with Mr. Harnage, Circuit Clerk Dykes, and County Attorney Hunter, about the delinquent taxes on property owned by the City of Leesburg. Attorney Hunter and Clerk Dykes were not called as witnesses, but Mr. Harnage's testimony is contradictory to testimony given by witnesses Gorman and Jones for the City of Leesburg. The Chancellor based his decree on the testimony of the witnesses for the City of Leesburg.
Counsel for appellant contend that the foreclosure proceedings terminated all claim of the City of Leesburg to the property described in the amended bill and extinguished its title; that the County of Lake by the foreclosure proceedings acquired a new and original title to the property. Section 194.53, F.S.A., is cited and relied upon. This contention overlooks the provisions of Subsection (7) of Section 194.47, F.S.A., in effect providing: "All lands foreclosed by municipalities for delinquent taxes, or special improvement liens, or to which such municipalities acquired title prior to the first day of May, 1943, shall not
be subject to the judicial proceedings by the county as herein provided, and shall not be included in the list required to be prepared by the clerk, nor included in the proceedings herein provided." (Italics supplied.) It appears by the record that delinquent taxes on the lands described in the amended bill of complaint were not subject to foreclosure under the statute supra.
It cannot be said in light of the entire record that the Chancellor erred in cancelling a deed obtained by mistake, error, or by conduct that failed to square with equitable rules and principles.
Affirmed.
THOMAS, C.J., and TERRELL and SEBRING, JJ., concur. *Page 834